**Ronda LENZINI Respondent,**

v.

**COLUMBIA FOODS, Appellant.**

**No. WD 45010.**

Missouri Court of Appeals, Western District.

March 3, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 1992.

John F. Sander, St. Louis, for appellant.

Marvin Tofle, Columbia, for respondent.

Before LOWENSTEIN, C.J., and SHANGLER and SMART, JJ.

SMART, Judge.

This is an appeal from a decision of the Labor and Industrial Relations Commission awarding compensation and medical expenses. The decision is affirmed, with modifications.

Ronda Lenzini filed a claim under the worker's compensation law alleging she was injured on August 27, 1987 in the course of her employment with Columbia Foods. Following a trial of the issues in late 1989, an award was entered by the Administrative Law Judge in favor of claimant which, in addition to an award for permanent partial disability, included an award of $19,610.10 for medical expenses incurred as a result of the compensable

injury. The Labor and Industrial Relations Commission affirmed the award. The employer appeals the award of medical expenses. The employer alleges: 1) that the claimant failed to prove the necessary causal relation between the injury and the medical expenses described in the award; 2) that the Commission should have allowed the employer credit for expenses it had allegedly already paid in behalf of the claimant for her medical expenses; 3) that the award is erroneous because it includes computational errors and medical expenses which had already been written off by the health care providers; and 4) that interest should not have been allowed on the award of $19,610.10 because the employee provided no proof that she had paid the medical bills awarded by the Commission.

## CAUSAL RELATION OF THE MEDICAL EXPENSES

■ At trial, numerous bills showing medical expenses of the claimant were received and considered by the Administrative Law Judge. The parties did not dispute the authenticity of the exhibits showing medical expenses or the reasonableness and necessity of the charges. The dispute was whether all of the expenses were causally related to the injury. Appellant employer's first point is that it was error for the Commission to affirm the award of medical expenses because the claimant failed to show sufficient causal relation between the injury and the $19,610.10 of medical expenses. In reviewing the Commission's award, the Court will reverse the Commission only if the award lacks sufficient competent evidence to support it, or if the award is against the overwhelming weight of the evidence. *Richardson v. Falcon Products, Inc.*, 739 S.W.2d 596, 597 (Mo.App.1987). The Court must consider the evidence of the whole record in the light most favorable to the award. *Olivio v. TLI, Inc.*, 731 S.W.2d 395, 397 (Mo.App. 1987). All doubt on factual issues is to be resolved in favor of the claimant "unless some element needed to validate [the] claim is lacking." *Gee v. Bell Pest Control*, 795 S.W.2d 532, 535–36 (Mo.App.1990).

The record in this case shows that the deposition testimony of Robert Rainey, M.D., was received and considered by the Administrative Law Judge. Dr. Rainey testified that the claimant's physical difficulties (disc herniation and degeneration) were caused by the work-related incident described by the claimant. Also, the medical reports of Dr. Abernathie relate the claimant's back problems to the injury. Medical reports of other health care providers received in evidence further reveal the extent of the medical treatment which was necessary to deal with claimant's back condition. The claimant also testified concerning her injury and stated that she underwent numerous physical examinations, procedures, and surgery related to the injury. Dr. Rainey was shown all of the medical bills which had accrued at the time of his deposition (which was the great majority of the medical bills), and he opined that the expenses were reasonable and necessary. The parties also stipulated as to the reasonableness and necessity of the charges reflected on the other bills. It seems clear from the foregoing that the evidence and the reasonable inferences therefrom support the conclusion that the expenses were causally related to the injury. Testimony as to the medical causal relation of each individual expense is not necessary where the causal relationship can reasonably be inferred. The Commission, as trier of the facts, may draw from the evidence such inferences as are reasonably permissible. *Vandaveer v. Reinhart & Donovan Const. Co.*, 370 S.W.2d 156, 163 (Mo.App.1963). Except as to the issue of the precise calculation of the medical expenses (discussed below), the Court finds the award of medical expenses was supported by substantial and competent evidence. Appellant's first point is denied.

## THE DENIAL OF CREDIT TO THE EMPLOYER

Appellant employer's second point is that Commission erred in denying the employer credit for expenses the employer had allegedly already paid toward the claimant's medical expenses. As to this issue, the Labor and Industrial Relations Commission

correctly agreed with the employer's contention that the employer was entitled to credit for any medical bills it could prove it had already paid through its self-insured medical plan. The employer is not entitled to a credit for benefits received by the claimant from a source other than the employer or the employer's worker's compensation carrier. § 287.270, RSMo 1986; *see also Wiedower v. ACF Industries, Inc.,* 657 S.W.2d 71, 75 (Mo.App.1983). The employer, however, should be allowed a credit for payments made through its own self-insured medical plan, which was funded entirely by the employer. *Ellis v. Western Electric Co.,* 664 S.W.2d 639, 642–43 (Mo.App.1984) (credit of $18,042 would have been allowed if the employer had established that the employer had paid that amount as a gratuitous salary continuation benefit to the widow of the deceased). Here, the employer paid all of the cost of the health program. Nevertheless, the Commission ruled that there was no competent evidence in the record to establish the amount of such payments. The Commission, therefore, affirmed the award of the medical expenses to the claimant, finding the employer had not proven its entitlement to any credits. *Point v. Westinghouse Electric Corp.,* 382 S.W.2d 436, 439 (Mo.App.1964) (burden to substantiate a credit is on the employer); *Ellis v. Western Electric Co.,* 664 S.W.2d 639 (Mo.App.1984) (employer failed to prove sufficient facts showing entitlement to credit).

At the hearing, Thomas Rehm, Personnel Manager of Columbia Foods, a division of Oscar Mayer, Madison, Wisconsin, testified that the insurance secretary of "the company" informed him that the employer had paid $16,795.20 of the employee's medical bills. Mr. Rehm produced an exhibit, which he identified as a multi-page printout of the history of "all of [the claimant's] medical claims with our company." It was, he said, prepared by someone in the insurance department of the company. Mr. Rehm stated that in order to know what items were related to the injury in question as opposed to any medical visits for other reasons, it would be necessary to cross reference the exhibit with "other billings" and "other records." Mr. Rehm stated he received the information as to the total amount of payments from the "insurance secretary" of the company. The figure of $16,795.20 (referred to by Mr. Rehm in his testimony) does not appear anywhere on the exhibit. The exhibit does include many figures along with much data which is unintelligible. It is impossible to interpret the meaning of the figures from the exhibit. The initial page of the exhibit and the last page of the exhibit (which is representative of the nine other pages of the exhibit) are appended to the opinion for reference.

The Commission found that Mr. Rehm's testimony concerning payment of medical bills was hearsay, because he had no personal knowledge concerning any payments made by the employer. Mr. Rehm did not personally prepare the exhibit, nor did he testify that it was a document prepared in the regular course of business. Indeed, he said that it was specially prepared at the request of counsel. While the underlying data concerning medical claims may have been maintained in the regular course of business, there was no testimony to such effect, and no testimony as to the mode of preparation of the exhibit. There was no attempt to offer in evidence the underlying documents from which the exhibit was prepared. Against an objection as to relevance and as to lack of "foundation as to what these entries specifically relate to," the Administrative Law Judge received the document into evidence, expressing reservation as to whether any relevant conclusions could be drawn from the exhibit. On appeal, the Commission rejected the exhibit as inadmissible hearsay.

■ The employer contends the exhibit was admissible as a business record under § 490.680 RSMo 1986. Where a business regularly employs electronic computer equipment to enter and store its business records, printouts of the records may be admissible in evidence. *SAB Harmon Industries v. All State Building Systems,* 733 S.W.2d 476, 488 (Mo.App.1987). To be admissible in evidence under § 490.680 RSMo 1986, the entries must be made in the regular course of business at or reason-

ably near the time of the occurrence of the events they record, and the trial court must be satisfied that the sources of information and the mode and time of preparation indicate sufficient trustworthiness to justify admission. *Id.*

■ Here, in view of 1) the lack of testimony concerning the mode and time of preparation, 2) the fact that the exhibit was not prepared in the regular course of business, and 3) the fact that the exhibit was unintelligible, the Commission could easily conclude that the exhibit did not meet the requirements of § 490.680 RSMo 1986.

■ The Commission was also obligated to consider whether the exhibit would be admissible under § 536.070, which is applicable to administrative hearings. Section 536.070(10) provides as follows:

Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of an act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if it shall appear that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event within a reasonable time thereafter.

This section provides an easier test than § 490.680. Nevertheless, the exhibit in this case does not meet the requirements of this section since the exhibit was specially prepared at the request of counsel, and was not prepared in the regular course of business. Section 536.070(11) is the section which was designed to allow for the admission into evidence of statistical compilations and summaries. That section provides as follows:

The results of ... compilations of figures, or ... examination of many records, or of long or complicated accounts, or of a large number of figures, ... shall be admissible as evidence of such results, if it shall appear that such ... compilation of figures ... was made by or under the supervision of a witness, who is present at the hearing, who testifies as to the accuracy of such results, and who is subject to cross-examination, and if it shall further appear by evidence adduced that the witness making or under whose supervision such ... compilation ... was made was basically qualified to make it.

In order to meet the requirements of this subsection, it is necessary that the person compiling the figures be present at the hearing and testify as to the accuracy of the figures. Here, the problem was that Mr. Rehm had not compiled the figures and he could not personally testify as to their accuracy. Indeed, it is evident that neither Mr. Rehm nor anyone else at the hearing could interpret the exhibit. As the Commission noted, even if there had been a sufficient foundation laid for the admission of the exhibit, there was "nothing in the computer printout to indicate what the payments were for." The Commission also pointed out that the amount requested as a credit by the employer did not match any figure on the exhibit. Since the employer failed to carry its burden of establishing the amount of the credit, the Commission was justified in rejecting the exhibit and the hearsay testimony related to the amount of payments made by the employer. *See Point v. Westinghouse Electric Corp.*, 382 S.W.2d 436 (Mo.App.1964); *Ellis v. Western Electric Co.*, 664 S.W.2d 639 (Mo.App.1984). The Commission could have elected to allow the employer to present additional evidence concerning the credit. *Ellis*, 664 S.W.2d at 644. But the Commission was not required to do so, particularly in the absence of a request by the employer.[1] *Id.* at 644; *Clark v. Frazi-*

---

1. There is no indication in the record that there was any request made to the Commission to hear additional evidence. Since the Administrative Law Judge admitted the exhibit at the hearing, but ruled that any payments made by the employer could not constitute a credit, the employer may not have been aware that the *amount* of the credit would be an issue before the Commission. To the extent that the result in this case is unjust to the employer, the Commission might have found it of value to have offered to receive additional evidence as to the amount of the credit.

*er–Davis Const. Co.*, 258 S.W.2d 934, 937 (Mo.App.1953) (exercise of discretion concerning receipt of additional evidence will not be disturbed in the absence of a showing that the Commission was arbitrary or unreasonable).

█ Although the Commission was justified in rejecting as hearsay the computer printout and Mr. Rehm's testimony of the amount of payment, it is clear that there was one exhibit (the bill of Columbia Orthopedic Group) admitted into evidence which did show that the employer, Columbia Foods, had made a payment of $2,127.00 to Columbia Orthopedic Group on behalf of the claimant on February 1, 1988. Since this exhibit was the claimant's own exhibit, and since there is no genuine dispute that the employer made payments towards the claimant's medical expenses, the evidence of claimant's own exhibit constitutes an admission. The Commission should have allowed the employer a credit for this amount. Thus, the employer will be allowed a credit for the amount of $2,127.00.

### COMPUTATIONAL ERRORS

█ Appellant employer's third point is that there are computational errors in the calculation of medical expenses by the Commission. The Court notes that the Administrative Law Judge in this case was provided copies of medical bills from various health care providers, covering a period of two years, including hospitalizations and surgical procedures. The Administrative Law Judge was not provided with an understandable summary of the bills. The Administrative Law Judge had to do the best he could to try to calculate the amount of medical expenses incurred as a result of the injury. This required attempting to determine whether certain bills were duplicates, and whether they included cumulative summaries or separate billings for additional treatments. Appellant points out some discrepancies which are apparent from claimant's own exhibits: 1) that bills amounting to $113.75 (Boyce and Bynum) and $450.00 (Columbia Radiology) had already been written off by those health care providers; 2) that $75.00 of the charges of Columbia Orthopedic Group were for attor-

ney consultation and not for treatment; and 3) that the Administrative Law Judge inadvertently included the $420.00 charge for Cunningham Anaesthesia more than once (it was already included in the total of $644.00). There is no indication in the record that these items were raised before the Commission. Ordinarily, the Court will decline to review claims of error not preserved for review. Rule 84.13(a). However, since these discrepancies readily appear from the claimant's own exhibits, and since it would be unjust to ignore these computational errors, this Court will review these allegations of error under Rule 84.-13(c) to avoid a manifest injustice. Accordingly, the Court will order a *pro tanto* reduction in the award of medical expenses. This reduction of the award, together with the credit of $2,127.00 as discussed above, will bring the award of medical expenses to the sum of $16,424.35.

### INTEREST ON THE MEDICAL EXPENSES

█ Appellant employer's fourth point is that the Commission erred in awarding interest on the award for medical expenses because the claimant provided no proof she had paid the medical bills awarded by the Commission. It is not clear that the Commission intended to, or did, award interest on the medical expenses. The award of the Commission states, "any past due compensation shall bear interest from the date when due until paid as provided by Section 287.160 RSMo 1986." Since the statutory section referred to deals with weekly benefit payments and not with payment of medical expenses, it is the opinion of this Court that the award did not include interest on the medical expenses. To have included interest on the medical expenses in this case would have been error. *Martin v. Mid–America Farm Lines*, 769 S.W.2d 105, 112 (Mo. banc 1989). In any event, in order to make sure there is no confusion on this issue, the award is ordered modified accordingly.

The award of the Commission is affirmed as modified. The award of medical expenses is reduced from $19,610.10 to $16,-

424.35. No pre-judgment interest shall be payable on the medical expenses portion of the award.

All concur.