David OTTE, Respondent,

v.

**MISSOURI STATE TREASURER,**
**Appellant.**

No. ED 83308.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 10, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christie A. Kincannon, Jefferson City, MO, for appellant.

Richard M. Marshall & Assoc., St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

The Missouri State Treasurer ("Treasurer") as custodian of the Second Injury Fund ("SIF") appeals the denial of her motions to dismiss and to quash an application for execution against the SIF on the ground of sovereign immunity. We reverse and remand with directions to dismiss.

David Otte ("Employee") was partially paralyzed in a car accident. The Labor and Industrial Relations Commission determined that the accident arose in the course of employment and that the SIF was liable for medical expenses pursuant to section 287.220.5 RSMo [1] since the employer did not have workers' compensation insurance. The Commission's award also conferred interest. Treasurer appealed [2] the Commission's award and this Court affirmed. *Otte v. Langley's Lawn Care, Inc.*, 66 S.W.3d 64 (Mo.App.2001).

The Fund disbursed a sum of money to Employee in the exact amount of his medical bills. Employee contends that since the Commission's award conferred interest, the SIF owed more than the exact amount of his medical bills because that sum had been accumulating interest. Applying the amount received from the SIF first to the interest owed and then against the principal, Employee applied for execution against the fund in the amount of $189,363.98. Treasurer filed a motion to quash on the ground that the statute does not provide for the payment of interest under these circumstances, and a motion to dismiss on the ground of sovereign immunity. The trial court denied both motions.

■ Treasurer's sole point on appeal is that Treasurer is protected from execution by the doctrine of sovereign immunity. Treasurer argues that as a state entity, Treasurer is immune from suit unless the legislature has specifically waived sovereign immunity in the circumstances of the suit brought against it. Treasurer points out that the legislature has not waived sovereign immunity in the case of executions.

Employee notes that in order to waive sovereign immunity the legislature does not need to specifically state that sovereign immunity is being waived but may express its intent through other language. *Bachtel v. Miller County Nursing Home Dist.*, 110 S.W.3d 799, 804 (Mo. banc 2003). Section 287.220.5 provides: "In defense of claims arising under this subsection, the treasurer of the state of Missouri, as custodian of the second injury fund, shall have the same defenses to such claims as would the uninsured employer." Employee argues that since the uninsured employer would not have the defense of sovereign immunity, that defense is waived by the State in this case.

■ Statutory construction is a matter of law. *St. Louis County v. B.A.P.,*

---

1. All statutory references are to RSMo 2000.

2. Treasurer did not challenge the Commission's award of interest in her appeal.

*Inc.,* 25 S.W.3d 629, 631 (Mo.App.2000). Questions of law are reviewed *de novo. Williams v. Kimes,* 996 S.W.2d 43, 44–45 (Mo. banc 1999). The general rule regarding sovereign immunity is that the sovereign cannot be sued without its consent. *McNeill Trucking Co., Inc. v. Missouri State Highway and Transp. Comm'n,* 35 S.W.3d 846, 848 (Mo. banc 2001). Statutory provisions that waive sovereign immunity must be strictly construed. *Id.*

It is a general principle that the land and property of the state or its agencies is not subject to seizure under general execution in the absence of a statute expressly granting such right. 33 C.J.S. *Executions* Section 40 (1998); *See State of Ohio v. Missouri State Treasurer,* 130 S.W.3d 742, 744 (Mo.App.2004) (Treasurer does not have to submit to notice of garnishment because the state can only be sued in such matters and in such manner as it shall specifically consent to be sued (citing *Nacy v. Le Page,* 341 Mo. 1039, 111 S.W.2d 25, 25–26 (1937))).

■ Although sovereign immunity was waived in section 287.220.5, the current action is governed by Chapter 513 RSMo, which applies to executions. In *Bachtel,* the principal case relied on by Employee, the court found that sovereign immunity was waived by statutory language that created a private right to action and defined the state agency being sued as being subject to the act. 110 S.W.3d at 805. Chapter 513 contains no language that specifically or implicitly waives sovereign immunity. Without statutory language waiving sovereign immunity, and in light of the general rule that public property is exempt from execution, we hold that sovereign immunity prevents Employee from bringing a Chapter 513 action in execution against the Treasurer.[3]

■ Finally, Employee argues that Treasurer's appeal is improper because it is not a final judgment as required by Rule 74.01. We disagree. The order appealed is a "special order after final judgment in the cause," which is a separate basis for appeal pursuant to section 512.020. *Anderson v. Anderson,* 404 S.W.2d 206, 207 (Mo.App.1966) (order overruling motion to quash execution appealable pursuant to section 512.020). Point denied.

For the foregoing reasons, we reverse the ruling of the trial court and remand with directions to quash the application for execution against the Treasurer. Because it appears that Employee may have a meritorious claim under a different procedure, such action shall be without prejudice.

BOOKER T. SHAW, P.J., and PATRICIA L. COHEN, J., Concur.

---

3. Contrary to Employee's argument, this does not leave him without a remedy. Although the parties have not briefed and we do not decide the issue here, we note that the preferred means to collect money clearly owed by the state is mandamus. Mandamus will issue against the state, in a proper case, to compel a claim against the state to be examined and audited, and to investigate the validity of the claim. 52 Am.Jur.2d *Mandamus* Section 156 (1974). *See State ex. rel. Hufft v. Knight,* 121 S.W.2d 762 (Mo.App.1938) (holding that an execution may not run against the property of a political sub-division of the state and thus the only procedure available to a judgment creditor is the issuance of a writ of mandamus); *State ex rel. R. Newton McDowell, Inc. v. Smith,* 334 Mo. 653, 67 S.W.2d 50 (Mo. banc 1933) (mandamus was proper remedy to compel state auditor to issue warrant for duly certified account rejected by him); *See also Burgess v. Kansas City,* 259 S.W.2d 702 (Mo.App.1953).