STATE of Missouri, ex rel.,
David L. Otte, Relator,

v.

MISSOURI STATE TREASURER as Custodian of the Second Injury Fund, Respondent.

No. ED 86210.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 6, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 19, 2006.

Application for Transfer Denied Feb. 28, 2006.

Richard M. Marshall & Assoc. P.C., St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara L. Toepke, Assistant Attorney General, St. Louis, MO, for respondent.

## OPINION

MARY K. HOFF, Presiding Judge.

State of Missouri, ex rel., David L. Otte (Relator) appeals from the trial court's judgment denying his petition for a permanent writ of mandamus (petition), which requested that the trial court order the Missouri State Treasurer, as Custodian of the Second Injury Fund (Treasurer), to pay interest on Relator's medical expenses as awarded by the Labor and Industrial Relations Commission (Commission). We reverse and remand the judgment for an evidentiary hearing.

### Facts and Procedural Background

The parties are before the Court for the third time, and a brief description of their previous appeals is necessary to understand the context of the current case.

In *Otte v. Langley's Lawn Care, Inc.*, 66 S.W.3d 64 (Mo.App. E.D.2001) (*Otte I*), we affirmed the Commission's final award finding Langley Lawn Care, Inc. (Employer) liable for Relator's past medical expenses, future medical care, and temporary total and permanent partial disability benefits for a 1995 work-related injury. *Otte I*, 66 S.W.3d at 67. We further affirmed the Commission's finding that Employer had allowed its workers'

compensation insurance to lapse and that Employer's insurance was not in force at the time of Relator's injury; thus, under Section 287.220.5,[1] the Second Injury Fund (SIF), as the statutory guarantor of past and future medical expenses for uninsured employers, was liable for paying Relator's past and future medical expenses. *Id.* at 73. Treasurer, in its capacity as custodian of the SIF, did not appeal the portion of the Commission's award that stated, "Any past due compensation shall bear interest as provided by law."

In *Otte v. Missouri State Treasurer*, 141 S.W.3d 74 (Mo.App. E.D.2004) (*Otte II*), Relator filed with the trial court an application for execution against Treasurer, as custodian of the SIF, for payment of interest accumulated on the medical expenses as awarded by the Commission. *Otte II*, 141 S.W.3d at 75. Relator contended that the Commission's final award conferred interest and that the SIF owed more than the exact amount of his medical bills because the sum of those bills had accumulated interest. *Id.* Treasurer filed a motion to dismiss and quash Relator's application for execution on the ground of sovereign immunity. *Id.* The trial court denied both motions, and Treasurer appealed to this Court. *Id.*

On appeal, Treasurer argued that it was protected from execution by the doctrine of sovereign immunity because Treasurer was a state entity and the legislature had not specifically waived sovereign immunity in the circumstances of the suit brought against Treasurer. *Id.* We agreed with Treasurer, finding that Chapter 513, concerning executions, governed instead of Section 287.220.5 of the workers' compensation statute. *Id.* at 76. We held that Chapter 513 contains no language that

specifically or implicitly waives sovereign immunity; thus, Relator was prevented from bringing a Chapter 513 action in execution against Treasurer. *Id.* We reversed and remanded the trial court's order denying Treasurer's motions to dismiss and to quash Relator's application for execution. *Id.* In a footnote, however, we described an alternate remedy for Relator in the form of a petition for a writ of mandamus because "the preferred means to collect money clearly owed by the state is mandamus." *Id.* at 76, n. 3.

Following our opinion in *Otte II*, Relator filed his petition against Treasurer. In his petition, Relator alleged that he was entitled to payment from Treasurer of interest on the medical expenses awarded by the Commission because the Commission's award also conferred interest. The trial court issued a preliminary writ of mandamus and ordered Treasurer to respond to Relator's petition. Treasurer thereafter filed its response and suggestions in opposition to Relator's petition, arguing that an action in mandamus was inappropriate because Relator had no clearly established right to the payment of interest in that interest was available only on awards of temporary total disability benefits, not medical bills. The trial court subsequently denied Relator's petition on the grounds that: 1) the Commission's award did not provide for interest on past due medical expenses; 2) the Commission's award provided for interest only on past due compensation; and 3) Relator's request was not supported by law. This appeal follows.

*Standard of Review*

 We review the trial court's grant or refusal of a writ of mandamus under an abuse of discretion standard. *State of*

---

1. All statutory references are to RSMo 1994, unless otherwise indicated. Relator's accident and resulting injuries occurred on June 16, 1995.

*Missouri ex rel. Killingsworth v. George,* 168 S.W.3d 621, 623 (Mo.App. E.D.2005). Mandamus is a remedy used to enforce, not establish, a right. *State ex rel. St. Joseph Hospital v. Fenner,* 726 S.W.2d 393, 395 (Mo.App. W.D.1987). For mandamus to be appropriate, there must exist a clear, unconditional legal right in the relator and a corresponding present, imperative, unconditional duty on respondent. *Id.*

### Discussion

■ Relator presents two points on appeal. However, because of our disposition of the case, we need only address Relator's first point. In his first point, Relator argues that the trial court erred in denying his petition and in ruling he was not entitled to interest on his medical expenses because: 1) Sections 287.140.1 and 287.260 both refer to medical expenses as compensation;[2] 2) the Commission's final award refers to medical expenses as compensation; and 3) case law indicates interest may be paid on all types of compensation, including medical expenses. The Commission's final award stated, "Any past due compensation shall bear interest as provided by law."

In addition to all other compensation, an employer shall provide an injured employee with such medical, surgical, chiropractic, and hospital treatment, including nursing, custodial, ambulance, and medicines, as reasonably required after the injury or disability, to cure and relieve the employee from the effects of the injury. Section 287.140.1. In cases where the employer has failed to insure or self-insure its entire liability in accordance with the provisions of the workers' compensation act, the claimant may file a claim against the SIF for payment of his fair, reasonable, and necessary expenses to cure and relieve the effects of his injury or disability. Section 287.220.5, Section 287.280.1.

■ Section 287.160.3 provides for the payment of interest on awards of weekly benefit payments for a claimant's disability but not on awards of other types of compensation, such as medical expenses. Section 287.160.3; *Tidwell v. Kloster Co.,* 8 S.W.3d 585, 590 (Mo.App. E.D.1999); *McCormack v. Stewart Enter., Inc.,* 956 S.W.2d 310, 313 (Mo.App. W.D.1997); *Lenzini v. Columbia Foods,* 829 S.W.2d 482, 487 (Mo.App. W.D.1992) (*overruled on other grounds by Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 225 (Mo. banc 2003)); *Martin v. Mid–America Farm Lines, Inc.,* 769 S.W.2d 105, 112 (Mo. banc 1989) (*superseded by statute on other grounds as recognized in Johnson v. St. John's Mercy Med. Ctr.,* 812 S.W.2d 845, 851 (Mo.App. E.D.1991)). To determine what interest should be awarded on a claimant's medical expenses, it is necessary and proper to look to the general interest statutes. *McCormack,* 956 S.W.2d at 312–14; *Pemberton v. 3M Co.,* 992 S.W.2d 365, 367 (Mo.App. W.D.1999). Section 408.020 provides:

Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another,

---

**2.** We note that Sections 287.140.1 and 287.260 do not provide for interest on workers' compensation awards. Section 287.140.1 sets out, generally, the type of compensation an employer shall provide to an injured employee. Section 287.260 sets out the rules concerning whether an award of compensation is assignable. Relator cites the two sections in support of his proposition that the terms "medical expenses" and "compensation" are used interchangeably and are equivalent terms.

and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

Accordingly, a claimant is entitled to interest on his medical expenses if he establishes that: 1) the expenses were "due," i.e., he actually paid the expenses, his providers were demanding interest of him, or he suffered a loss by the delay of payment; 2) the amount due was readily ascertainable by computation or by reference to a legal standard; and 3) he had demanded the employer to pay the expenses. *McCormack*, 956 S.W.2d at 314.

Treasurer, citing *Tidwell* and *Miller v. G.O. Wefelmeyer*, 890 S.W.2d 372 (Mo. App. E.D.1994), argues that the phrase used by the Commission in its award, "Any past due compensation shall bear interest as provided by law[,]" has been interpreted by Missouri courts to mean interest awarded pursuant to Section 287.160.3 despite the Commission's failure to specifically refer to Section 287.160.3. We disagree. A careful reading of *Tidwell* and *Miller* reveals that the facts in those cases involved claims for weekly disability benefits, which triggered the provisions of Section 287.160.3 allowing for awards of interest on those benefits, and raised the issue of whether the interest could be calculated retroactively. The instant case requires us to determine only whether the Commission actually awarded Relator interest on his medical expenses, and we find *Lenzini* helpful in making that determination.

In *Lenzini*, the Commission awarded the claimant permanent partial disability benefits and a lump sum amount for medical expenses. *Lenzini*, 829 S.W.2d at 483. The Commission also conferred interest on the award. *Id.* There, the employer ap-

pealed the award of interest on the medical expenses on the ground that the claimant had not proven she had paid the bills for those expenses. *Id.* at 483–84. The Western District remarked that the Commission's award was unclear as to whether the Commission intended to or did, in fact, award interest on the medical expenses but found significant the Commission's language in the award, which stated, "any past due compensation shall bear interest from the date when due until paid as *provided by Section 287.160 RSMo 1986.*" *Id.* at 487 (emphasis added). The Western District reasoned that because the Commission had specifically referred to Section 287.160, which involves the payment of weekly disability benefits and not the payment of medical expenses, the Commission's award did not include interest on the medical expenses. *Id.*

Here, unlike *Lenzini*, the Commission's language in the award *did not* specifically refer to Section 287.160 or to any specific type of compensation included in the award. The Commission simply stated that *any* past due compensation would bear interest. Thus, based on the specific circumstances of this case, we conclude that the Commission's award included interest on Relator's medical expenses. Therefore, we reverse the trial court's judgment denying Relator's petition and remand to the trial court for an evidentiary hearing to determine the amount of interest owed by Treasurer on Relator's medical bills under the general interest statutes. *McCormack*, 956 S.W.2d at 314.

The trial court's judgment is reversed and remanded for an evidentiary hearing.

CLIFFORD H. AHRENS and PATRICIA L. COHEN, Judges, Concur.