Violet BALDRIDGE,
Plaintiff-Respondent,

v.

INTER–RIVER DRAINAGE DISTRICT
OF MISSOURI, Defendant-Appellant.

No. 12605.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 6, 1982.

Motion for Rehearing Overruled and to
Transfer to Supreme Court Denied
Dec. 21, 1982.

Application to Transfer Denied
Feb. 23, 1983.

Ernie J. Richardson, Poplar Bluff, for plaintiff-respondent.

L. Joe Scott, Daniel T. Moore, Poplar Bluff, for defendant-appellant.

PREWITT, Judge.

Respondent, the widow of Edsel Baldridge, filed a claim for workmen's (now workers') compensation benefits for his death, and received an award from the Labor and Industrial Relations Commission. The circuit court affirmed the award and defendant appeals. It contends that the Labor and Industrial Commission erred in making the award to respondent because there was no substantial or competent evidence t' show that the deceased was killed by an ' accident arising out of and in the course of his employment". See § 287.120.-1, RSMo 1978.

Courts disturb an award of the Commission only when it is not supported by substantial evidence or when it is clearly contrary to the overwhelming weight of the evidence. *Kowalski v. M–G Metals and Sales, Inc.,* 631 S.W.2d 919, 921 (Mo.App. 1982). The Commission judges the credibility of witnesses and we do not substitute our view of the facts for those found by the Commission. Id. However, it appears to us that there was little, if any, dispute in the evidence related to the issue presented here.

Edsel was an employee of defendant, primarily working as a dragline and bulldozer operator. He worked in various locations within the district. He lived northeast of Broseley, Missouri. On the date of his death he was operating a dragline on a drainage ditch northwest of Broseley. The evidence indicated that sometime during the day he went to Sikeston and then to Qulin, Missouri, to look for parts for the dragline. He apparently purchased some parts in either Sikeston or Qulin. Edsel talked to Charles Curry at Curry's shop in Qulin sometime between 4:00 and 5:00 p.m. about repairs to the dragline. Curry occasionally did repair work on defendant's equipment. Curry said that as Edsel left he "mentioned something about going home or going towards home". Edsel was seen eating in a cafe in Qulin between 4:30 and 5:30 p.m. Qulin is approximately six miles south of Broseley. About 5:25 p.m. Edsel was killed when a pickup owned by him left Highway 51 and overturned in Broseley. Edsel was alone in the pickup. It had been going in a northerly direction just before leaving the roadway. A map which is part of the record indicates that the most direct route from Qulin to Edsel's home was through Broseley.

Shortly after the accident Edsel's supervisor went to the accident scene. He testified that while there he "picked up the parts that was laying in the ditch, the chain saw and parts of the dragline and tools, and took them to my home". Also there was a new case of hydraulic oil of the type used in the hydraulic equipment on the dragline. The record does not reveal what disposition was made of the oil. The supervisor testified that it was a part of Edsel's job to pick up parts and oil for the equipment he was operating and he was paid for the time spent in doing so. Edsel worked forty hours a week, apparently often alone, and "more or less" decided the time he worked.

Appellant contends the evidence was insufficient as it did not establish Edsel's destination or the purpose of his trip. Appellant also claims that even if there was sufficient evidence to show that Edsel was going home, an employee traveling to or from his place of work is not in the course of his employment.

Appellant relies primarily upon *Garrett v. Industrial Commission,* 600 S.W.2d 516 (Mo.App.1980). We think the facts in that case are significantly different from the facts here. There the employee was killed while "traveling on the highway late at night for no discernible purpose". See 600 S.W.2d at 520. Here, there was evidence from which the Commission could have found that Edsel was going home and was in Broseley nearing the end of a trip created by the duties of his employment.

Appellant is correct that as a general rule injuries resulting from hazards encountered while an employee is going to and from work are not compensable because they do not arise out of and in the course of employment. *Kunce v. Junge Baking Company,* 432 S.W.2d 602, 606 (Mo.App.1968). However, there is an exception to that rule for employees whose work entails travel away from the employer's premises. They are held to be within the course of their employment during the trip, except when on a distinct personal errand. 1A Larson, Workmen's Compensation Law, § 25.00 (1979). See also *Miller v. Sleight and Hellmuth Ink Co.,* 436 S.W.2d 625, 628 (Mo. 1969); *Patton v. Patton,* 308 S.W.2d 739, 742–743 (Mo.1958); *Brown v. Weber Implement & Auto Co.,* 357 Mo. 1, 206 S.W.2d 350, 354–355 (1947); *McCoy v. Simpson,* 346 Mo. 72, 139 S.W.2d 950, 952–953 (1940).

When he was searching for parts or buying other items for use by his employer, Edsel was operating the same as any traveling employee, and would be in the course of his employment until the trip ended. Here

it would not end until he reached home. Even if Edsel's eating at the cafe was a deviation from his employment, (which we do not decide, see 1A Larson, supra, § 25.-21) at the time of the accident Edsel was following a direct route home and thus would have again been in the course of his employment. See *McCoy v. Simpson,* supra, 139 S.W.2d at 952. See also *Brown v. Weber Implement & Auto Co.,* supra, 206 S.W.2d at 354. There was sufficient evidence for the Commission to find that Edsel was in the course of his employment when killed.*

The judgment is affirmed.

GREENE, C.J., and FLANIGAN and MAUS, JJ., concur.

---

* Thus, we do not decide as respondent also contends, whether the Commission's award could be sustained under the "dual purpose" travel doctrine. See *Corp v. Joplin Cement Company,* 337 S.W.2d 252, 255–257 (Mo. banc 1960); *Cox v. Copeland Bros. Construction Company,* 589 S.W.2d 55 (Mo.App.1979); *Shannon v. St. Louis Board of Education,* 577 S.W.2d 949 (Mo. App.1979); *Begey v. Parkhill Trucking Company,* 546 S.W.2d 529 (Mo.App.1977); *Hammack v. Nicholson,* 539 S.W.2d 788 (Mo.App.1976); *Snowden v. Orscheln Brothers Truck Lines,* 446 S.W.2d 494 (Mo.App.1969); *Cowick v. Gibbs Beauty Supplies,* 430 S.W.2d 626 (Mo.App. 1968); *Ray v. Great Western Stage and Equipment Co.,* 413 S.W.2d 576 (Mo.App.1967); *Gingell v. Walters Contracting Corporation,* 303 S.W.2d 683, 688–689 (Mo.App.1957); 1 Larson, Workmen's Compensation Law, § 18.00 (1978); Missouri Workers' Compensation Law, The Missouri Bar (1981) § 5.22.