Icie L. TATE, et al., Respondents,

v.

SOUTHWESTERN BELL TELEPHONE CO., Appellant.

No. 14534.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 29, 1986.

Thomas L. Williams, Roberts, Fleischaker & Scott, Joplin, for respondents.

Greg B. Carter, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for appellant.

HOLSTEIN, Special Judge.

The appellant, Southwestern Bell Telephone (Bell), appeals an award of death benefits by the Labor and Industrial Relations Commission (Commission). The complaints of Bell are: (1) the facts found by the Commission do not support the award; and (2) there was not sufficient competent evidence on the record to warrant the making of the award. (Section 287.495, RSMo Supp.1984). Specifically, Bell claims the facts fail to demonstrate that at the time of his death, the deceased was in the course

of his employment, because of an alleged lack of evidence that the death occurred at a place where the decedent might reasonably be, fulfilling duties of his employment.

▇▇▇ The general rule is that an injury arises in the course of employment if the accident occurs within the period of employment at a place where the employee may reasonably be, while he is in furtherance of the employer's business or performing activities incidental to employment. *Bybee v. Ozark Airlines,* 706 S.W.2d 570, 572 (Mo.App.1986); *Automobile Club Inter-Insurance Exchange v. Bevel,* 663 S.W.2d 242, 245 (Mo.banc 1984). Activities within reasonable limits of time and place, for the comfort or convenience of the employee, are considered incidental to employment. *Bybee,* supra, 573.

▇▇▇ Our review is of the Commission's award and only when that award is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence will we disturb it. *Barr v. Vickers, Inc.,* 648 S.W.2d 577, 579 (Mo.App.1983). The Commission is the sole judge of the credibility of the witnesses and a court does not substitute its view of the facts for those found by the Commission, if the Commission's findings are supported by sufficient competent evidence. *Merriman v. Ben Gutman Truck Service, Inc.,* 392 S.W.2d 292, 296 (Mo.1965); *Malcom v. La–Z–Boy Midwest,* 618 S.W.2d 725, 726 (Mo.App.1981); § 287.495.1, RSMo Supp.1984. In addition, all doubt should be resolved in favor of the employee and in favor of the coverage in a workers' compensation proceeding, providing a claim will not be validated where some essential element is lacking. *Barr v. Vickers,* supra, 648 S.W.2d at 580; *Welker v. MFA Central Co-op.,* 380 S.W.2d 481, 487 (Mo.App.1964).

In June of 1982, Raymond Tate was employed as a cable splicer/inspector by Bell. Each morning he reported to work at a garage at 1012 West 4th Street in Joplin. There, he would receive written or oral instructions from his immediate supervisor, Robert Demery. On that particular day, as he had in the past, Tate took a Ford Courier pickup, owned by Bell, and proceeded to his assigned work site. Tate was required to drive the company-owned vehicle in connection with his employment. Ordinarily, he would return to the 4th Street garage about 4:00 or 4:15 P.M. daily. The job site to which Tate was assigned extended east and west of U.S. 71A, and along Missouri Highway 86 for approximately three miles east of the city of Neosho. Highway 71A, if followed north from its junction with Missouri Highway 86, would intersect with Interstate 44. Joplin lies some distance to the west of the intersection of 71A and I44. The project in progress at the job site involved the replacement of some cable and the renovation of existing cable of Bell by an independent contractor. Tate's job was to locate the existing cable lines by means of an electronic cable locator, to inspect the work being done by the independent contractors to insure it was being done according to Bell's standards, and on that particular day, to install a backboard in a cabinet which was located on the job site. The backboard was later found still in the pickup truck which was driven by Tate.

Between 9:30 and 10:30 A.M., on June 14, 1982, Mark Smith, a fellow Bell employee, talked with Tate by radio regarding obtaining a cable locator. Tate had been using Smith's cable locator. They made arrangements to meet between 11:30 A.M. and noon at the library in Neosho. They met at the library at about 11:20 A.M. At that time, Smith obtained the cable locator from Tate. The library in Neosho is on McKinney Street. McKinney Street is also Missouri Highway 86.

At the library, Smith and Tate discussed lunch. Tate said he intended to eat lunch with his stepdaughter, who lived two or three houses from the library. Tate ate lunch at his stepdaughter's, made a phone call and left after 20 or 30 minutes.

The fatal vehicle accident occurred at about noon on U.S. 71A, eight-tenths of a mile north of the job site. At the time of the accident, Tate was driving the pickup north on U.S. 71A. He was critically injured and never regained consciousness.

Bell produced evidence of an unwritten company rule prohibiting employees in Tate's job classification from using company vehicles to go to lunch, and requiring them to carry their lunch.

Bell urges that because Tate ate lunch with his stepdaughter, a violation of company rule, and no direct evidence existed he had thereafter performed any duties relating to locating or splicing cable, claimant has failed to sustain the burden of proof. The claimant does not have to absolutely establish the elements of her case. It is sufficient if she shows them by reasonable probability. "Probable" means founded on reason and experience which inclines the mind to believe but leaves room for doubt. *Ellis v. Western Electric*, 664 S.W.2d 639, 642 (Mo.App.1984).

The mere breach of a rule as to the manner of performing the work is not sufficient to defeat the right to compensation so long as the employee does not go outside the sphere and scope of his employment. *Swillum v. Empire Gas Transport, Inc.*, 698 S.W.2d 921, 927 (Mo.App.1985). Bell admits that Tate was authorized to deliver the cable locator to his fellow employee. Company policy also allowed for a 30-minute lunch break. The only logical route to travel from his stepdaughter's on McKinney Street to the scene of the accident would require driving through the job site area. Since Tate's duties required him to drive a company vehicle, any deviation from the course of employment had terminated when he began driving the vehicle, after leaving his stepdaughter's home.

At the time of the accident, Tate was on a route located between the construction site and the garage in Joplin where tools and cable locators were stored. Tate's duties required the use of a cable locator. He did not have a cable locator at the time of the accident. The Commission could, and did, infer from these facts that Tate may have been returning to Joplin to get another cable locator. Such finding is buttressed by direct evidence that Tate was a reliable employee who always completed his work, that Bell employees are granted wide latitude in the performance of their work, and that sometimes employees perform duties other than those included in their daily instructions.

Where an employer, for the convenience of the employer, furnishes the employee's transportation or pays the employee for travel time, a nexus is established between the work to be done and the physical movement of the employee. *Garrett v. Industrial Commission*, 600 S.W.2d 516, 519 (Mo.App.1980). One whose work entails travel away from the employer's business is held to be within the course of his employment, except when on a distinct personal errand. *Baldridge v. Inter-River Drainage District of Missouri*, 645 S.W.2d 139, 140 (Mo.App.1982). The mere fact that his direction of travel was away from the construction site does not require a conclusion that he was on a personal errand. *Begey v. Parkhill Trucking Co.*, 546 S.W.2d 529, 532 (Mo.App.1977).

We conclude the findings of the Commission are supported by competent and substantial evidence on the whole record. The award of the Commission is affirmed.

PREWITT, C.J., HOGAN, J., and FLOYD McBRIDE, C. DAVID DARNOLD, and EUGENE E. REEVES, Special Judges, concur.