Patti GEORGE–BREWER, Respondent,

v.

PEN MAR SOUTHWEST, Appellant.

No. WD 55494.

Missouri Court of Appeals,
Western District.

Nov. 3, 1998.

Rehearing Denied Dec. 22, 1998.

David Mandelbaum, Kansas City, for Appellant.

Donald Moore, Blue Springs, for Respondent.

HANNA, Judge.

The employer, Pen Mar Southwest, appeals from a final award of permanent partial disability and past medical expenses entered by the Labor and Industrial Relations Commission.[1] On appeal, the employer raises three issues regarding the sufficiency of the evidence and a fourth procedural claim. We affirm the commission's decision.

Pen Mar is a brokerage firm for nonfood items. Mike Greenhaw is one of the employer's principals. In January 1992, Brewer was hired by Greenhaw to work as a full-time sales representative in the Kansas City area. Three months after Brewer was hired, she traveled to Pen Mar's headquarters in Dallas to attend an employment meeting. At that time, she was introduced to six other sales representatives that were "just like she was." Pen Mar's two principals and their two secretaries also attended the employment meeting.

On or around July 26, 1992, Brewer slipped and fell in her basement. She landed on her side and experienced pain in her back. Brewer saw a nurse practitioner that afternoon and was prescribed muscle relaxers. Both parties agree that this injury was not work-related and not compensable.

Subsequently, on September 15, 1992, Brewer slipped after leaving a grocery store with which she had a business relationship. She slipped in some water on the curb and landed on her tailbone. Brewer experienced significant pain in her back and both legs. Following the accident, she was unable to get out of a car and unable to walk without pain. On or around September 30, 1992, she called Greenhaw and notified him of the accident at the grocery store. Both parties agree that this fall was work-related.

On or around November 2, 1992, Brewer went to see her primary physician, Dr. Goldman, because the pain in her back persisted. Goldman referred Brewer to Dr. Larry Glaser, an orthopedic surgeon. Dr. Glaser obtained a CT scan showing a large central and right-sided herniated disc at L5, S1. On November 12, 1992, Brewer underwent a lumbar hemilaminectomy and disc excision. After the surgery, Brewer followed up with Dr. Glaser for a period of six weeks. She was unable to work during that time, however, Pen Mar continued to pay her salary. Brewer returned to work in early 1993.

Following surgery, Brewer continued to experience pain in her lower back and right leg. Brewer was also having difficulty lifting, bending, and stooping. On October 31, 1991, at the request of her attorney, Dr. J. Michael Smith examined Brewer. Dr. Smith rated Brewer's permanent partial disability at between 20 and 25 percent of her body as a whole.

On March 22, 1993, Brewer filed a claim for workers' compensation insurance benefits. An administrative law judge heard the evidence and determined that Brewer failed

---

1. The administrative law judge found that Pen Mar was *not* an employer for purposes of the workers' compensation laws.

to meet her burden of proof that Pen Mar was an employer with five or more employees and, therefore, denied compensation. The commission, with a dissent, reversed the ALJ's decision and awarded Brewer benefits. The commission concluded that Brewer had a 20 percent permanent partial disability attributable to the September 1992 fall at the grocery store. Specifically, the commission found:

> Claimant offered the medical report of Dr. J. Michael Smith. That report was admissible pursuant to § 287.210.7, RSMo 1994.[2] Dr. Smith determined that claimant has "between 20 and 25 percent permanent partial disability to the body as a whole." The Commission is not bound by the percentage of disability estimated by medical experts. Considering the evidence presented, we believe that claimant has permanent partial disability of 20% of the body as a whole referable to her low back as a result of the September 15, 1992, work-related injury. Employer is liable for compensating claimant for that permanent partial disability.

Our standard of review in a workers' compensation case is well defined. *See Davis v. Research Medical Center*, 903 S.W.2d 557, 560–61 (Mo.App.1995). In determining the sufficiency of the evidence, we review all evidence and inferences in a light most favorable to the commission's award. *Cahall v. Riddle Trucking, Inc.*, 956 S.W.2d 315, 317 (Mo.App.1997). We will overturn the commission's decision only if it is unsupported by substantial evidence or clearly contrary to the overwhelming weight of the evidence. *Landers v. Chrysler Corp.*, 963 S.W.2d 275, 279 (Mo.App.1997). Where issues involve matters of law, however, we will review the issue independently. *Kintz v. Schnucks Markets, Inc.*, 889 S.W.2d 121, 123 (Mo.App.1994).

In its first point, Pen Mar contends that Brewer failed to present any substantial and competent evidence to establish that the employer had five employees and, therefore, is subject to the Workers' Compensation Act.[3] Pen Mar correctly notes that the determination of whether a claimant has met her burden of proving a material element of her claim is a question of law and, therefore, the court should review this question *de novo*. *West v. Posten Const. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991).

In a workers' compensation case, the claimant carries the burden of proving all material elements of their claim. *C.W. Mathia v. Contract Freighters, Inc.*, 929 S.W.2d 271, 276 (Mo.App.1996). The claimant does not, however, have to establish the elements of her case on the basis of absolute certainty. *Tate v. Southwestern Bell Telephone Co.*, 715 S.W.2d 326, 329 (Mo.App.1986). It is sufficient if the claimant shows them by reasonable probability. *Id.* Reasonable probability is founded on reason and experience which inclines the mind to believe but leaves room for doubt. *Id.See also Meilves v. Morris*, 422 S.W.2d 335, 338–39 (Mo.1968)(holding that a claimant who did not "offer the slightest bit of evidence on a controlling issue" failed to produce substantial evidence establishing her claim).

In the present case, Brewer testified that she was employed as a sales representative with Pen Mar. She was introduced to six other sales representatives and two secretaries while attending an employment meeting at the corporate headquarters in Dallas, Texas. Finally, Brewer testified that she had met the employer's two principals. The employer did not present *any* evidence to the contrary. Thus, the record contains no evidence suggesting that Pen Mar had fewer than five employees.

Brewer has met her burden of proving that the employer had at least five employees. Brewer's sworn testimony, left unrefuted, compels the conclusion that Mr. Greenhaw, the two secretaries, and the six sales representatives were employees of the corpo-

---

2. Section 287.210.7 RSMo provides "that the testimony of the treatment by an examining physician may be submitted in evidence on the issues in controversy by a complete report."

3. The Workers' Compensation Act provides in relevant part: "An employer must have five or more employees to be deemed an employer for purposes of the Workers' Compensation Act." § 287.030.1(3), RSMo 1994.

ration. Thus, there is substantial and competent evidence in the record showing that Pen Mar is subject to Missouri's workers' compensation laws. Point denied.

Pen Mar next claims that Brewer failed to establish that her permanent partial disability resulted from her September fall, as opposed to her July fall. Brewer's case rests on Dr. Smith's written rating report and her own testimony. In his report, Dr. Smith concluded:

> Ms. Brewer sustained a contusion to her low back as the result of a fall which occurred while she was working as a sales representative with PenMar Southwest of Dallas, Texas. She developed low back pain and pain in both legs. The pain became more right-sided. She had a CT scan which revealed a herniated disc at L–5, S–1 level and she subsequently underwent a hemilaminectomy and disc excision at L–5, S–1.... The lumbosacral spine is rated between 20 and 25 percent permanent partial disability to the body as a whole.

At the hearing, Brewer testified that she experienced some minor pain in her back in July 1992, but after the September 1992 fall, the pain was more severe. Her testimony was:

Q: You had prior back problems before this fall on September 15, hadn't you?

A: Uh-huh, yes.

Q: In fact, before you had visited Dr. Goldman's office a few days before for back pain?

A: Yes.

Q: Okay. What kind of pain were you experiencing in your back before the fall on the 15th?

A: I just had felt some strain in my back when I would bend down and pick some things up. I mean it wasn't a major thing, but I felt a little bit of a strain when I would bend over and since I did a lot of lifting in my job, I thought I would go and have it checked out.

. . .

Q: Okay. Did something happen in July of '92, a slip or fall or something that caused the pain?

A: Nothing that I know of happened to cause the pain. I did slip in the basement, but it wasn't related to that pain.

Q: You slipped in the basement?

A: Right, on my side.

. . .

Q: Can you describe the difference in the pain you had in your back prior to the [September] injury versus after the injury?

A: Well, prior to the injury, it was like almost like a pulled muscle in my back. After the injury, I basically could do nothing. I couldn't lift, I couldn't walk, I couldn't get in and out of the car. I mean it was almost a different kind of pain. It was a lot more severe, I suppose I should say.

In support of its argument—that Brewer failed to establish a causal connection between her September fall and her permanent injury—Pen Mar refers us to *Griggs v. A.B. Chance*, 503 S.W.2d 697 (Mo.App.1973). Griggs argued that she sustained an injury as a result of her chair at the assembly line slipping out from under her. *Id.* at 699. At the workers' compensation hearing, the claimant's physician testified that the chair accident aggravated the claimant's pre-existing back condition which amounted to 25 percent permanent partial disability of her body as a whole. *Id.* Because the physician was unable to ascribe how much of the disability was caused by the accident, however, the court held that the claimant had not met her burden of proving that the accident caused her permanent partial disability. *Id.* at 701. The court explained that "it is not sufficient for recovery to show only that the injury complained of resulted from one or the other of two causes, for one of which, but not the other, the employer would be liable. The claimant must produce evidence from which it reasonably may be found that such injury resulted from the cause for which the employer would be liable." *Id.* at 704. *See also*

*Bersett v. National Super Markets, Inc.,* 808 S.W.2d 34, 36 (Mo.App.1991).

In *Eimer v. Board of Police Comm'rs of Kansas City, Mo.,* the court again examined this precise issue. 895 S.W.2d 117 (Mo.App. 1995). Eimer was a police officer who was involved in two motorcycle accidents over a period of three months. The second accident was not work-related. This court held that the commission's determination, that the claimant was entitled to an award of 15 percent permanent partial disability, was not supported by substantial evidence. *Id.* at 124. The court reasoned that the physician's report, upon which the commission's decision was based, did not distinguish between the injuries that the claimant sustained as a result of the accident at work and the injuries sustained in the subsequent motorcycle accident. *Id.* at 123–24.

In the instant case, Dr. Smith's rating report, read as a whole, compels the conclusion that the September 1992 fall was the cause of Brewer's permanent partial disability. The fact that Dr. Smith's report acknowledges that Brewer "developed pain in July of 1992 and in September suffered a fall which increased the pain in the leg" does not mar this conclusion. Especially where the report states that Brewer's "[p]ast medical history reveals no prior or subsequent injury to the low back." Moreover, Brewer's own testimony warrants the inference that her permanent partial disability resulted from the September 1992 fall. In sum, Brewer's testimony, coupled with Dr. Smith's report, is sufficient to establish a causal relationship between Brewer's permanent partial disability and the September 1992 fall. Point denied.

■ In its third point, Pen Mar contends that Brewer's claim for compensation was invalid because Brewer's attorney, as opposed to Brewer, signed and filed the claim for compensation. In support of this argument, Pen Mar relies upon the court's holding in *Murphy v. Burlington Overall Co.,* 225 Mo.App. 866, 34 S.W.2d 1035 (Mo.App.1931).[4] In *Murphy,* the court held that the claimant's counsel's letter did not constitute the filing of a claim. *Id.* at 1037. The factual circumstances in the current case are substantially different from those in *Murphy.* The claim for compensation form shows that an attorney is permitted to sign on behalf of the claimant at Lines 21–23. Point denied.

■ In its last point, Pen Mar argues that Dr. Smith's rating report was improperly admitted in that it did not comply with § 287.210(7), RSMo Supp.1997. Section 287.210(7) provides a mechanism through which testimony of an examining physician may be admitted in evidence by a written report subject to certain notice requirements. It provides in relevant part:

> The party intending to submit a complete medical report in evidence shall give notice at least sixty days prior to the hearing to all parties.... The notice shall include a copy of the report and all the clinical and treatment records of the physician including copies of all records and reports received by the physician from other health care providers.

Pen Mar claims that Dr. Smith's rating report is not substantial competent evidence because it "failed to contain any reference to the treatment" that Brewer received in connection with her July 1992 fall. This is an incorrect statement. In his rating report, Dr. Smith specifically noted that Brewer "developed pain in July of 1992 and in September suffered a fall which increased the pain in her leg." Furthermore, because the injuries that Brewer sustained as a result of the July 1992 fall did not contribute to her permanent partial disability, reference to the July 1992 fall was not necessary. Point denied.

The commission's decision to award Brewer 20 percent permanent partial disability of the body as a whole and past medical aid is affirmed.

ULRICH, P.J., and EDWIN H. SMITH, J., concur.

---

4. Murphy was overruled on different grounds. See *Wentz v. Price Candy Co.,* 352 Mo. 1, 175

S.W.2d 852 (Mo.1943).