HAROLD L. LOWENSTEIN, Judge.
Edward L. Redd (“Claimant”) slipped and fell while at work and was ultimately rendered paraplegic. Although he sought worker’s compensation, the Administrative Law Judge denied benefits reasoning that Claimant’s injury did not arise out of or in the course of his employment. The Labor and Industrial Relations Commission (“Commission”) reversed this decision, awarding Claimant permanent total disability benefits and past and future medical expenses. This appeal follows.
Facts
Claimant was an over-the-road trucker for Earl Henderson Trucking (“Employer”). On June 22, 1999, Claimant slipped and fell on a wet surface while at work and landed on his tailbone. He was unable to get up for fifteen or twenty minutes and experienced a never-felt-before vibration sensation in his legs. Although there were no witnesses to the accident, Claimant’s co-driver later observed him having difficulty walking and standing on his feet.
In the days after his fall, Claimant’s condition progressively worsened. He began experiencing pain and swelling in his lower extremities; he also developed foot drop, as his lower extremities were not working properly. On three different occasions following June, 22, 1999, Claim *470 ant’s legs “collapsed” from under him, each time causing him to fall. Claimant was not able to get up and walk following his third fall.
Although Claimant timely notified Employer of his injury, Employer never authorized or provided any treatment. Instead, it continued to send him on trips and promised to locate a doctor or hospital near his next driving destination. After sustaining his third and final fall on October 21, 1999, however, Claimant’s co-driver took him to the David Grant Air Force Medical Center. Claimant told both a nurse and the initial intake doctor that he first fell on June 22, 1999, and had fallen on three subsequent occasions due to his legs collapsing. He did not report any previously existing conditions that could have caused or contributed to his accident.
Claimant ultimately became paralyzed, and was rendered permanently and totally disabled. Due to his paralysis, Claimant is wheelchair-bound and unable to provide daily care for himself. Claimant’s driving partner and friend now cares for him at his home.
Claimant sought additional treatment from Dr. David Lay at the Veteran’s Administration Outpatient Clinic in Mt. Vernon, Missouri, beginning in April of 2001. Dr. Lay reported that Claimant slipped and fell on a wet surface while at'work. He opined that, as a result, Claimant sustained spinal cord damage that may have been successfully treated had he received prompt medical attention. A MRI film, ordered by Dr. Lay, revealed the progression of instability in Claimant’s thoracic spine and further cord compression.
On February 14, 2002, Dr. David G. Paff, a medical doctor specializing in occupational medicine, evaluated Claimant and held the same opinion as that of Dr. Lay. Doctor Paff stated that Claimant’s June 22, 1999, fall caused a burst compression fracture of the T5 vertebrae, causing progressive neurological symptoms eventually resulting in his paralysis. He also believed Claimant became paraplegic as a result of not treating the fracture soon enough.
Claimant’s request for workers’ compensation benefits was denied by the Administrative Law Judge, reasoning that Claimant’s injury did not arise out of and in the course of his employment. The Commission reversed this decision and awarded Claimant permanent total disability benefits, past due medical expenses, and future medical care. Employer now appeals.
STANDARD OF REVIEW
An appellate court must sustain the Commission’s decision when, considering the record as a whole, there is “sufficient[,] competent and substantial evidence to support the award.” Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 222-23 (Mo. banc 2003). Only when “the award is contrary to the overwhelming weight of the evidence” is this standard not met. Id. at 223.
Analysis
In Employer’s first point on appeal, it contends that the record contained insufficient evidence for the Commission to determine that Claimant sustained a compen-sable accident. Specifically, it relies on the fact that Claimant’s medical records from the different facilities at which he was treated do not specifically include the word “slipped” with regard to his June 22, 1999 fall. Employer further claims that Claimant’s inconsistent explanations for this omission were not credible. Based on these facts, Employer argues that Claimant merely suffered an injury while working, rather than one that was exacerbated by his workplace. This court disagrees.
The record, viewed as a whole, contains sufficient evidence to support a finding *471 that Claimant’s injury was job-related. In addition to Claimant’s own testimony, his co-driver and live-in Mend testified that she observed him stagger after his initial faE — a behavior she had never observed in the five years she drove with him. Moreover, both Claimant’s treating physician, Dr. Lay, and evaluating physician, Dr. Paff, believed his condition resulted from a faU that fractured his T5 vertebrae. The existence of this fracture was also confirmed by an objective MRI report.
Although the records from the various facüities where Claimant presented never specifically documented his injury as the result of slipping and falling at work, Claimant testified that his medical history was recorded incorrectly. In this matter, the Commission is the judge of credibEity, and this court may not substitute its judgment for that of the Commission. Also, any doubt regarding witness credibEity “should be resolved in favor of the employee” and in favor of workers’ compensation coverage, Tate v. Southwestern Bell Tel. Co., 715 S.W.2d 326, 328 (Mo.App.1986).
Employer next contends that the Commission faEed to follow the apphcable evi-dentiary standard that statements given to medical health care providers pertinent to diagnosis and treatment are presumed to be inherently trustworthy. In its report, the Commission stated that “[tjhere is not evidence that these records are reliable or accurate in recording Claimant’s history.” Employer thus argues that the Commission misapplied the law by not affording proper weight to the alleged omissions in Claimant’s records. However, Employer takes the Commission’s language out of context.
The Commission’s comment could more accurately be described as “merely ... a comment of the evidence.” See Gassen v. Lienbengood, 134 S.W.3d 75, 82 (Mo.App.2004). Although Claimant’s medical records did not specifically contain the word “shpped,” neither does the Commission’s decision contain any language to suggest it did not give the records due weight. To the contrary, the Commission’s decision references the testimony of Doctors Lay and Paff who both concluded that Claimant’s paralysis resulted from his initial fall. Claimant also testified that he told the individuals who obtained his medical history at each of the faciEties the nature of his fall and that their failure to include such information was merely a recording error. Because “[a] claimant’s credible testimony as to work-related functioning can constitute competent and substantial evidence,” Hampton, 121 S.W.3d at 223-24, the omission from his records could, at most, be viewed as contradictory evidence. Even were the Commission’s statement viewed as true, therefore, it did not misapply the law, but rather chose between competing evidence. Point denied.
In Employer’s final point on appeal, it argues that Claimant faEed to meet his burden of proof that his fall arose “out of and in the course of’ his employment by competent and substantial evidence. Employer argues that Claimant attempts to satisfy this burden only through his own “self-serving” testimony that the injury was sustained as a result of a shp and fall on a wet surface. As discussed above, the record contains corroborating evidence provided by (1) the testimony of his co-driver, (2) the medical reports of Dr. Lay, (3) the medical deposition and report of Dr. Paff, and (4) the objective diagnostic MRI reports that confirmed the burst compression fracture. Because this evidence satisfies Claimant’s burden, the Commission’s award is affirmed.
Conclusion
The award of workers’ compensation benefits must be affirmed, even amidst *472 conflicting evidence, when the record as a whole contains sufficient, competent, and substantial evidence to support the award. Because the record here contains the testimony of Claimant’s co-driver, treating physician, and evaluating physician — all corroborating his testimony that he was injured in the course of his employment— the award must stand.
The judgment is affirmed.
All concur.