# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR RECONSIDERATION EN BANC

## NO. 03-06-00529-CV

**American Protection Insurance Company, Appellant**

**v.**

**Liana Leordeanu, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-04-001199, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Because the majority opinion in this case deviates from this Court's precedent regarding the "continuous coverage principle," I believe that en banc review is warranted. *See Aetna Cas. & Sur. Co. v. Orgon*, 721 S.W.2d 572, 575 (Tex. App.—Austin 1986, writ ref'd n.r.e.) (holding that employee whose work entails travel remains within course of employment continuously during trip). As discussed in Justice Patterson's substituted dissenting opinion, Leordeanu was a traveling salesperson without a fixed place of employment, and was therefore subject to the "continuous coverage principle." *See generally Orgon*, 721 S.W.2d at 575; *Texas Employers Ins. Ass'n v. Cobb*, 118 S.W.2d 375, 379 (Tex. Civ. App.—El Paso 1938, writ ref'd) (holding that because traveling employee had "the duty to go from place to place at the will of his employer" in the performance of

his employment, injury that occurred during overnight stay on business trip was "proper subject for compensation under our Workmen's Compensation Act."); 99 C.J.S. *Workers' Compensation* § 428 (2000) (collecting cases).[1]  Because I believe that the continuous coverage principle applies in the present case, I adopt the reasoning of Justice Patterson's dissent and respectfully dissent from the denial of en banc consideration.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Patterson, Puryear, Pemberton, Waldrop and Henson

Filed:   February 13, 2009

---

[1]  In *Orgon*, this Court cited a number of cases from other jurisdictions to illustrate that the "'continuous coverage principle' is the prevailing view throughout the United States." *Aetna Cas. & Sur. Co. v. Orgon*, 721 S.W.2d 572, 575 (Tex. App.—Austin 1986, writ ref'd n.r.e.).  This citation includes two cases involving facts similar to the present case, in which a traveling employee was injured while returning home from a business trip. *See Baldridge v. Inter-River Drainage Dist. of Mo.*, 645 S.W.2d 139, 140 (Mo. App. 1982) (holding that coming-and-going rule does not apply to "employees whose work entails travel away from the employer's premises"); *McGee v. Panhandle Tech. Systems, Inc.*, 387 N.W.2d 709, 713 (Neb. 1986) (employee was acting in scope of employment when injured during drive home from trip taken for purpose of studying marketing techniques of similar businesses).