Allen L. HOMAN, Respondent,

v.

AMERICAN CAN COMPANY, Appellant.

No. KCD 27996.

Missouri Court of Appeals,
Kansas City District.

March 29, 1976.

Harold T. Van Dyke, Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, for appellant.

Richard E. Duggan, Duggan & Keleher, Kansas City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

In this Workmen's Compensation appeal, American Can Company claims the fact found by the referee, and affirmed by the Industrial Commission and the Circuit Court, is erroneous in finding Allen Homan suffered any "unusual or abnormal strain". American Can also claims credit for certain payments made to Homan. The judgment is affirmed.

American Can does not contend Homan did not suffer some injury. The only question concerns whether or not such injury was caused by an unusual or abnormal strain.

On this appeal the facts are considered in the light most favorable to the prevailing party, and the award must be affirmed if it is supported by competent and substantial evidence. This court cannot substitute its judgment for that of the Commission. *Davies v. Carter Carburetor, Div. ACF Indus., Inc.,* 429 S.W.2d 738, 741[1, 2] (Mo.1968).

Homan was a machine operator whose job was to feed sheet metal strips into machines which made the ends for cans. The metal strips were just over three feet in length, about five inches wide, and each one was about as thick as a knife blade. The strips were some ninety-five to one-hundred-seven gauge steel. Such strips were sprayed with a wax which made them slick.

The strips were stacked on a platform which was two and one-half to three feet high. Homan testified he usually picked up a group of strips about three inches in height from the stack on this platform. Since the strips were stacked from front to rear on the platform, it was necessary to lean over the platform in order to reach those toward the back. Homan grasped the strips at each end with his fingers with the palms upward. He then turned around and fed the strips into the machines he was operating. Homan stated each pile of strips of about three inches in height weighed about sixty pounds.

On the day in question, Homan stated he was picking up a stack of strips from the rear of the platform when he felt the stack starting to shift. He stated he gripped the stack tighter than usual and exerted more force or pressure than normal in order to keep his balance and to keep from dropping the stack. As he gripped tighter than usual and as he was attempting to keep his balance, he felt a severe pain in his left arm and shoulder. The pain forced him to then actually drop the stack.

The referee found the stack slipped and shifted as Homan picked it up and as he attempted to stabilize the stack, he exerted unusual strain in an awkward position resulting in a pulled shoulder muscle.

American Can contends there is no substantial evidence to show Homan exerted or was subject to any unusual or abnormal strain. The evidence set out above refutes this contention. This evidence on the part of Homan clearly shows that on the occasion in question he exerted unusual force or pressure and tightened his grip more than usual in order to stabilize the shifting load and to maintain his balance to keep from dropping the load. The testimony of Homan does not show he ever exerted the force, pressure or strain before which he did at this time to stabilize the stack he picked up. The position of Homan in leaning over the platform to lift sixty pounds of weight with his palms up was awkward to say the least. This testimony by Homan constituted substantial and competent evidence which supports the finding by the referee and the Commission that Homan did suffer an unusual and abnormal strain.

American Can seeks to avoid the force of Homan's testimony by stating the stacks of steel strips were always slick and sometimes slipped when Homan picked them up. However, Homan testified with the incident in question he did exert unusual force and pressure and did tighten his grip more than on previous occasions. This factor distinguishes this case from the cases American Can cites in which there was no evidence of any unusual strain. In those cases the employee simply suffered a pain in doing the task which he had regularly done while he was doing it in the very same manner and with no unusual occurrence other than the onset of pain.

There is no question that unusual or abnormal strain causing injury is an accident since the holding in *Crow v. Missouri Implement Tractor Company*, 307 S.W.2d 401 (Mo. banc 1957). A case similar on the facts involving an unusual strain is *Merriman v. Ben Gutman Truck Service, Inc.*, 392 S.W.2d 292, 298[11] (Mo.1965). Since the finding of the referee and the Commission is supported by competent and substantial evidence, it must be affirmed.

American Can next contends it is entitled to credit for payments made to Homan by Metropolitan Insurance Company under a disability policy carried by American Can. Such policy did not cover Workmen's Compensation benefits, but paid for disability not covered under that Act. Homan made claim for benefits under this policy after American Can had denied all liability to him under the Workmen's Compensation Law. In order to obtain benefits from Metropolitan, Homan was required to, and did, sign an agreement to repay Metropolitan any sums received from that Company if he later received any compensation under the Workmen's Compensation Law. American Can now contends it should have credit for these payments made to Homan by Metropolitan, claiming Homan received such payments "on account of the injury" under § 287.160(3), RSMo 1969.

Here the payments did not come from American Can but came from Metropolitan. § 287.270 requires benefits to come from the employer or its insurer for Workmen's Compensation liability. Payments from any other source are not credited on benefits payable under the Workmen's Compensation Chapter. Cases such as *Point v. Westinghouse Electric Corporation*, 382 S.W.2d 436 (Mo.App.1964) and *Cowan v. Southwestern Bell Telephone Co.*, 529 S.W.2d 485 (Mo.App.1975) are not applicable because in those cases the payments for which the employer received credit came from the employer.

In this case, American Can has no claim to credit because the payments made to Homan did not come from it. However, Homan will not realize any double benefits because he is obligated to repay Metropolitan any sums he receives under Workmen's Compensation up to the amount paid to him by Metropolitan.

What has just been stated in regard to payments made by Metropolitan to Homan applies to American Can's last contention that it should not be required to pay hospital and physician bills incurred by Homan. Those bills were paid by Metropolitan under the same policy. For the reasons stated above, American Can is not entitled to credit for payments already made by Metropoli-

tan. Likewise, Homan is required to pay any sum received under Workmen's Compensation for these medical expenses to Metropolitan.

The judgment is affirmed.

All concur.