William C. WIEDOWER,
Plaintiff-Respondent,

v.

ACF INDUSTRIES, INCORPORATED,
Defendant-Appellant.

No. 45651.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 23, 1983.

Gentry, Bryant & Hereford, Stephen M. Hereford, Clayton, for defendant-appellant.

Martin, Bahn & Cervantes, James M. Martin, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is a claim brought under the Missouri Worker's Compensation Law. The Administrative Law Judge entered an award in favor of respondent. Appellant appealed to the Labor and Industrial Relations Commission, which affirmed the Administrative Law Judge, one member of the Commission dissenting. Thereafter, appellant appealed to the Circuit Court of the City of St. Louis, which affirmed the Commission. Appellant now prosecutes his appeal to this court. The issue to be addressed is (1) whether the Labor and Industrial Relations Commission erred in finding respondent to be disabled to the extent of sixty (60) percent of the body, and (2) whether the Commission erred in awarding respondent $7,409.76 in medical expenses. We affirm.

The evidence and facts upon which the Administrative Law Judge, the Commission and the Circuit Court based their decisions are as follows:

Respondent, William C. Wiedower, a production supervisor for appellant, A.C.F. Industries, Inc., was injured at work while attempting to move a railroad carriage wheel truck assembly along a track inside appellant's plant. Respondent's foot slipped causing him to drop to his left knee. He immediately experienced soreness and pain in his back. The injury occurred late on a Friday afternoon and the pain became more severe over the weekend causing respondent to visit St. Elizabeth's Hospital in Granite City, Illinois.

Respondent was initially diagnosed as having a lumbo-sacral strain with a possible herniated nucleus pulposus. Further examination indicated that respondent had sustained a herniated disc. Surgery was performed to alleviate the latter condition. As a result of the operation, a post-laminectomy syndrome resulted.

For the purpose of rating his injury and subsequent disability, respondent offered the testimony of Dr. Frederic M. Simowitz. Dr. Simowitz reported:

> For the chronic, adhesive arachnoiditis and its consequent symptoms, 30% of the man as a whole.
>
> For the chronic lumbo-sacral strain syndrome, 10% of the man as a whole. No rating is offered for the herniated disc per se inasmuch as this has been surgically corrected and is not producing any of his present disability.
>
> Thus, a total permanent partial disability rating of 40% of the man as a whole is offered.

Dr. Simowitz did not rate respondent's herniated lumbar disc, but limited his estimate of 40% disability to the continuing problems of chronic adhesive arachnoiditis and chronic lumbo-sacral strain syndrome.

Appellant's physician, Dr. Kuhlman, examined respondent. He rated respondent's injuries as 20% of the man as a whole, referring to the lower back. Dr. Kuhlman made no mention of the adhesive arachnoiditis or the strain.

In relation to the disabilities, respondent's medical expenses were processed by the employer through an employee-contributory health insurance plan and not through appellant's industrial relations office. This insurance plan is a contributory health and welfare plan that provides medical and disability benefits for employees who sustain nonoccupational injuries.

The Administrative Law Judge found that the payment of medical expenses through the contributory plan did not satisfy the law requiring the employer or insurer to pay the medical expenses. The Labor and Industrial Relations Commission adopted the findings of the Administrative Law Judge. Appellant then appealed to the Circuit Court. The Honorable George A. Adolf issued his order affirming the Commission. This appeal follows.

Appellant contends that there was insufficient competent evidence to support the Labor and Industrial Relations Commission's finding that respondent is disabled to the extent of sixty percent of the body and that the Commission erred in awarding respondent $7,409.76 in medical expenses. After examination of the record, we adopt without alterations the well reasoned opinion of the circuit court set out without quotations.

## ORDER OF COURT

Award of Labor and Industrial Relations Commission affirmed. This Court finds that the Commission acted within or not in excess of its power; that the award was not procured by fraud; that the facts found by the Commission support the award; that there was sufficient competent evidence in the record to warrant the making of the award.

The Commission's finding of 60% permanent partial disability of the man as a whole is supported by the evidence. It is the special province of the Commission to determine from all the evidence before it the percentage of disability attributable to the accident. *Hammett v. Nooter Corporation*, 264 S.W.2d 915, 919 (Mo.App.1954). The findings of the Commission cannot be set aside unless the Commission could not have reasonably made its findings, and the findings are clearly contrary to the overwhelming weight of the evidence. *Hammett, supra* at 918; *Hendricks v. Motor Freight Corporation*, 570 S.W.2d 702, 707 (Mo.App.1978); *Sams v. Hayes Adhesive Company*, 260 S.W.2d 815 (Mo.App.1953).

Employer/Appellant's Exhibit #1 is a letter outlining the findings of Doctor Kuhlman. Based upon his examination of claimant, Doctor Kuhlman concludes that claimant has had a myelogram and surgery performed upon his back for a herniated disc, and that as a result claimant has about 20% permanent partial disability of the man as a whole.

Claimant's Exhibit R contains the results of a neurological examination performed on claimant by Doctor Simowitz. Doctor Simowitz offers no disability rating for the herniated disc, although Doctor Kuhlman had made a finding of 20% disability. Doc-

tor Simowitz does offer a disability rating of 30% for chronic arachnoiditis, and 10% disability for chronic lumbosacral strain syndrome, and finds a total, permanent partial disability rating of 40%.

■ Thusly, the administrative law judge did not count the same condition twice to reach the 60% of the man as a whole rating for permanent partial disability. In addition to the 40% disability rating for arachnoiditis and lumbosacral strain syndrome, Doctor Simowitz found that the herniated lumbar disc was directly related to the accident. If the Judge accepted Doctor Kuhlman's disability rating of 20% for the herniated disc rather than Doctor Simowitz's rating of no disability, then the 60% disability rating is supported by evidence. The Commission is not bound by the percentage estimates of medical experts, but may consider all the evidence including the employee's testimony in arriving at a disability rating. *Blair v. Associated Wholesale Grocers, Inc.,* 593 S.W.2d 650, 655 (Mo.App.1980); *Malcom v. La-Z-Boy Midwest Chair Company,* 618 S.W.2d 725, 728 (Mo.App.1981). The administrative law judge and the Commission both thought that the ratings of the doctors were too conservative and had the power to increase the award by an appropriate amount.

The administrative law judge in his Findings of Fact, which were affirmed by the Commission, found that the employee was injured on a Friday, the pain increased in his lower back and he went to a hospital in Granite City where he stayed for six days. He was subsequently hospitalized on two or more occasions. The administrative law judge found that the employer had notice of the injury, the employer was not prejudiced by not having written notice, and the employer for its own reasons chose to treat the injury as non-compensable. These findings are all supported by the transcript of the proceedings before the administrative law judge. For example, the finding that the employer had notice of the injury is supported by the employee's testimony that he told the employer of it by telephone and discussed it with the employer on the phone several times shortly after the accident.

■ While the employer had the right to provide medical treatment, he may waive that right by failing to provide necessary medical aid after receiving notice of the injury. *Hendricks v. Motor Freight Corporation,* 570 S.W.2d 702, 709[10] (Mo.App. 1978). Where the employer with notice of an injury refuses or neglects to provide necessary medical care, the employee may make his own selection and have the cost assessed against the employer. *Hammett v. Nooter Corporation,* 264 S.W.2d 915, 919[4] (Mo.App.1954). Where an employer denies the allegations in an employee's claim, it also necessarily denies liability for medical aid to the employee and the employee may be entitled to an award for the cost of medical services. *Beatty v. Chandeysson Electric Company,* 238 Mo.App. 868, 190 S.W.2d 648, 655[16] (1945).

■ Written notice to the employer of an accident is not a prerequisite for recovery. Where there is good cause for the failure to give notice, or the employer suffers no prejudice, the written notice requirement is excused. By a general finding in favor of the claimant, the Commission necessarily finds that there was good cause for a failure of the employee to give written notice. *Beatty v. Chandeysson Electric Company,* 238 Mo.App. 868, 190 S.W.2d 648 (1945).

■ In the instant case, because the employer chose to treat the injury as non-compensable, did not offer medical services, had notice of the injury, and was not prejudiced by the failure of the employee to file a written report, the Commission could properly find that the employer should be responsible for the employee's medical costs.

The employer claims that the employee's hospitalization for a groin complaint is not compensable under the facts here because it was not connected with the original injury. This allegation is answered by claimant's Exhibits L & R which indicate that the groin complaint was a part of the lumbosacral strain syndrome which Doctor Si-

mowitz concluded had as its competent producing cause of the accident.

■ The award for medical services, fees and charges were for those reasonably necessary. The general rule is that where the Compensation Commission makes a general finding in favor of the claimant and makes an award of compensation, the general finding necessarily implies a finding of every fact necessary to support the finding. *Beatty v. Chandeysson Electric Company,* 238 Mo.App. 868, 190 S.W.2d 648, 653[3] (1945).

In *Hall v. Spot Martin,* 304 S.W.2d 844 (Mo.1957), the court said that where there was evidence that the pain suffered was from a compensable injury and the Commission found that the employer's compensation insurer was liable for the medical expenses, it was evidence that the Commission was of the view that such expenses were necessary.

■ The finding by the Compensation Commission that the employer/appellant is liable for the medical costs of claimant is also apparently a finding that such medical services and costs were reasonable and necessary.

The employer further claims that the employee was given a windfall because the administrative law judge ordered the bills paid to the employee instead of a public hospital or other institution, claiming that the latter should have been done because the medical services were paid for by an insurance company.

■ Based upon claimant's pay stubs, the judge found that the insurance was paid for by the employee. The Worker's Compensation Statute provides that "no savings or insurance of the employee . . . shall be considered in determining the compensation due hereunder." Section 287.270 R.S.Mo. Expenditures for medical aid and hospitalization which are required under the act to be paid for by the employer constitute payments of compensation. *Sommers v. Hartford Accident and Indemnity Company,* 277 S.W.2d 645, 648[1] (Mo.App.1955). Section 287.270 has been held to prevent consideration of insurance benefits under a policy paid for by the employee. *Strohmeyer v. Southwestern Bell Telephone Company,* 396 S.W.2d 1, 5[4] (Mo.App.1965).

The employer alleges that any payment for medical costs is required by the statute to be made to a public hospital or other institution. However, in cases where the employer has initially denied liability, the courts have affirmed awards of medical costs to the employee. *Hendricks v. Motor Freight Corporation,* 570 S.W.2d 702 (Mo. App.1978); *Wilson v. Emery Bird Thayer Company,* 403 S.W.2d 953 (Mo.App.1966); *Schutz v. Great American Insurance Company,* 231 Mo.App. 640, 103 S.W.2d 904 (1937).

■ Although making an award of such costs to the employee may result in a windfall, the insurance company may be entitled to reimbursement from the employee. See *Homan v. American Can Company,* 535 S.W.2d 574, 576 (Mo.App.1976). The fact that claimant has accepted benefits from another source does not estop him for asserting his rights to compensation under the act. *Davies v. Carter Carburetor, Division of ACF Industries, Inc.,* 429 S.W.2d 738, 752 (Mo.1968); *Homan, supra.*

■ Therefore, the failure of the administrative law judge to order the payments made to a public hospital or other institution, which was affirmed by the Labor and Industrial Relations Commission, was proper.

Accordingly, the judgment of the trial court which affirmed the award of the Labor and Industrial Relations Commission is affirmed.

SMITH and KELLY, JJ., concur.