Robert MANN, Claimant/Appellant,

v.

VARNEY CONSTRUCTION, Employer,

and

Treasurer of Missouri as Custodian of
Second Injury Fund, Respondent.

No. ED 77087.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 20, 2000.

Daniel J. McMichael, Chesterfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Plia D. Lippman, Asst. Atty. Gen., St. Louis, for respondent.

ROBERT G. DOWD, Jr., Judge.

Robert Mann (Claimant) appeals from a final award of the Labor and Industrial Relations Commission (Commission) which affirmed the award of the Administrative Law Judge (ALJ) ordering the Second Injury Fund (SIF) to pay Claimant $51,084.31. Claimant asserts the Commission erred in ordering that the SIF was only liable for the reduced amount of the medical bills that Medicaid had paid and not the total amount of the bills. We affirm.

Claimant was injured when he fell from a roof while on the job for Varney Construction (Employer). Claimant broke his leg. Because of complications, his leg was amputated below the knee. Employer was uninsured. The medical cost for Claimant's injury was $130,085.13. Of that amount, $98,543.32 was submitted to Medicaid for payment. Medicaid paid $19,547.50 to the health care providers as a full-settlement payment of the amount submitted to Medicaid. Claimant filed a claim, and the case was heard by the ALJ. The ALJ found the SIF was only responsible for the amount of the Medicaid settlement plus other expenses that were not submitted to Medicaid. The Commission affirmed the decision of the ALJ and ordered the SIF to pay Claimant $51,084.31. This amount included the $19,547.50 asserted as a Medicaid lien, $31,436.81 not submitted to or covered by Medicaid, and future medical care as it is related to the primary injury. Claimant only appeals the portion of the judgment that ordered the SIF had no liability to pay any part of the hospital costs except that part paid by Medicaid.

In his sole point, Claimant asserts the Commission erred in applying Section 287.220.5, RSMo 1994,[1] and finding that the SIF was only liable for the reduced amount of the medical bills that Medicaid had paid and not the total amount of the bills. We disagree.

 This court may modify, reverse, remand for rehearing, or set aside an award or decision of the Commission only if the Commission's actions were unauthorized by law, in excess of its authority, fraudulent, unsupported by the facts as found by the Commission, or unsupported by competent evidence on the whole record. *Reece v. Neal Chevrolet & Universal Underwriters Ins. Co.*, 912 S.W.2d 599, 601 (Mo.App. E.D.1995). Construction of a

1. All further statutory references are to RSMo 1994 unless otherwise indicated.

statute is an issue of law and our review is *de novo. Dawson v. Denney–Parker*, 967 S.W.2d 90, 92 (Mo.App. E.D.1998).

■ Here, the Commission applied Section 287.220.5. The pertinent portion of Section 287.220.5 states:

> If an employer fails to insure or self-insure as required in section 287.280, funds from the second injury fund may be withdrawn to cover the fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability of an injured employee in the employ of an uninsured employer . . . .

Claimant argues that under this statute he should be reimbursed for the total of his medical costs instead of only the portion he would be liable for under Medicaid. We find that this is contrary to the intent of the statute.

Chapter 287 requires that all employers carry insurance under the Workers' Compensation Law. Section 287.280. The SIF receives its funding from insurers and employers who are in compliance with the law. The clear language of Section 287.220.5 expresses the legislature's intent to limit the liability of the SIF for employees who are not covered by insurance as required by law. The SIF is only liable "... to cover the fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability of an injured employee in the employ of an uninsured employer ... ." Section 287.220.5. Section 287.220.5 does not provide for any benefit payments to employees of uninsured employers. The statute provides only an employee's actual expenses be paid by the SIF. The Western District in *Lenzini v. Columbia Foods*, 829 S.W.2d 482 (Mo.App. W.D.1992), states, "[t]he employer is not entitled to a credit for benefits received by the claimant from a source other than the employer or the employer's worker's compensation carrier." *Id.* at 485. However, the *Lenzini* court awarded the employer a credit for medical bills written off by the health care providers. *Id.* at 487. The employee in *Lenzini* was

only awarded the amounts his insurance company actually had to pay for his treatment. *Id.*

■ Here, the Commission found and the parties agree the total amount submitted to Medicaid will never be sought from Claimant. Claimant will only ever be responsible for the $19,547.50 paid by Medicaid. Employees of uninsured employers should not receive a windfall. We find no distinction between covered expenses paid by an employer and by the SIF, and find an employee should only be compensated for the employee's actual expenses as a result of the employee's injury when the employer is uninsured.

Claimant relies on *Wiedower v. ACF Industries, Inc.*, 657 S.W.2d 71 (Mo.App. E.D.1983). In *Wiedower*, medical expenses were paid by the employee's insurance company purchased by the employee himself. *Id.* at 73. The court then awarded the cost of medical expenses to the employee noting that where the employer has initially denied liability, the courts have affirmed awards of medical costs to the employee. *Id.* at 75. The court also noted that the insurance company may be entitled to reimbursement from the employee. *Id.*

■ The facts here are distinguishable. Here, the employer did not deny liability, but was uninsured. Uninsurance of an employer invokes Section 287.220.5 which the court in *Wiedower* did not analyze. Also, here, Medicaid will not seek reimbursement for the total amount of medical costs from Claimant. Claimant further argues Section 287.270 mandates payment of the full amount of medical bills by the employer regardless of a payment by a collateral source not funded exclusively by the employer even where this results in a windfall to the employee. We disagree. Section 287.220 makes no cross-reference to Section 287.270 concerning SIF liability in uninsured cases. The scope of SIF liability in cases where the employer is uninsured is defined in Section 287.220.5

and is not expanded by Section 287.270. We further find that it would be against public policy to allow claimants to recover a windfall from the SIF when their employers had not made insurance contributions required by law.

We find the Commission did not err in applying Section 287.220.5 and awarding Claimant only the amount Medicaid paid for Claimant's medical expenses. Point denied.

Judgment affirmed.

CRANE, P.J., and SULLIVAN, J., concur.