**Richard JONES, Appellant,**

v.

**GST STEEL CO., Respondent.**

**No. WD 69299.**

Missouri Court of Appeals,
Western District.

Jan. 6, 2009.

David Slocum, Kansas City, for appellant.

L. Anne Wickliffe, Kansas City, for respondent.

Before JAMES M. SMART, JR., P.J., LISA WHITE HARDWICK, and JAMES E. WELSH, JJ.

JAMES M. SMART, JR., Judge.

Richard Jones appeals the judgment of the Labor and Industrial Relations Commission denying him workers' compensation benefits. On appeal, he argues that the Commission erred in determining that his claim was barred by his failure to file a proof of claim with the bankruptcy court after his employer became insolvent. The judgment of the Commission is reversed, and the case is remanded with instructions to reinstate the award of the administrative law judge.

## Facts

Richard Jones began working at GST Steel Company (GST) in 1967 and worked for GST until the plant closed in May of 2001. He was exposed to loud noises during his employment.

Jones was diagnosed with hearing loss on February 1, 2001, six days before GST filed a petition for Chapter 11 bankruptcy in the Bankruptcy Court. Jones had learned in December 2000 that GST was headed for bankruptcy. On May 15, 2001, the plant closed, terminating Jones's employment. In June 2001, the bankruptcy court sent a notice advising creditors to file a proof of claim by July 27, 2001. Jones, who had consulted a lawyer in March 2001 about his claim, did not file a proof of claim with the bankruptcy court.

Jones filed a formal claim under the Workers' Compensation Act in early 2003, alleging injury to both ears. He alleged an injury date of May 15, 2001 (his last day of work). On the date of injury, GST was self-insured, but after the company's bankruptcy, its workers' compensation obligations became the responsibility of the Missouri Private Sector Self–Insurers Guaranty Corporation (the Guaranty Corporation).

The claim was heard by an administrative law judge in February 2007. Jones claimed both hearing loss and tinnitus. The parties stipulated that Jones sustained an injury by occupational disease on the alleged date of injury, May 15, 2001, while under the employ of GST. Because GST was insolvent, any award would be the responsibility of the Guaranty Corporation.

The Guaranty Corporation defended the matter by arguing that the claim was barred by section 287.865.5, which provides that before a claim may be filed against the insolvency fund of the Guaranty Corporation, it must first be filed in the bankruptcy estate. The Guaranty Corporation presented evidence that a bankruptcy court "proof of claim" notice had been sent to Jones and that no proof of claim had been filed in the bankruptcy case. The Guaranty Corporation argued that, pursuant to the statute, the claim was barred.

The administrative law judge, after listening to Jones's testimony that he did not believe he received a proof of claim notice, concluded that proper notice of GST's

bankruptcy was not given to Jones because the notice mailed by the bankruptcy court never reached him. Therefore, the administrative law judge found that any requirement under section 287.865.5 that Jones file a timely proof of claim in the bankruptcy court was waived. The administrative law judge entered an award in Jones's favor, finding a permanent partial disability of approximately 15.77% to the body as a whole.

The Guaranty Corporation filed an application for review with the Labor and Industrial Relations Commission, alleging that the award was erroneous. The Guaranty Corporation argued that the filing requirement is a non-waivable statutory prerequisite that absolutely bars Jones's claim, whether the notice was received or not. The Commission concluded that Jones did receive a notice and that, in any event, he had actual notice of the bankruptcy and should have known at some point he needed to file a proof of claim in bankruptcy and did not so. Therefore, the Commission reversed the administrative law judge's award.

The Commission stated that the administrative law judge erred in relying on the case of *In re: Wire Rope Corporation of America, Inc.,* 300 B.R. 1 (Bankr.W.D.Mo. 2003), in which the employees in question received no notice of the need to file a proof of claim. The Commission found that the bankruptcy court here sent adequate notice of GST's bankruptcy, which included notice of the deadline for filing a proof of claim to Jones, and Jones had actual notice of GST's bankruptcy. The Commission also noted that the bankruptcy case did not come to a close until 2007, some six years after Jones was first sent notice of GST's bankruptcy and the need for filing a proof of claim. The Commission further noted that at no point did Jones file a proof of claim in the bankrupt-

cy court. With one Commissioner dissenting, the Commission held that Jones's failure to file a timely claim in the bankruptcy court precluded him from recovering compensation from the Guaranty Corporation.

Jones appeals the Commission's decision.

## Standard of Review

The Missouri Constitution, article V, section 18, provides for judicial review of the Commission's award to determine whether the award is "supported by competent and substantial evidence upon the whole record." *See also Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222 (Mo. banc 2003). Section 287.495.1 of the Missouri statutes further indicates that a court, on appeal, shall:

review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

The constitutional standard ("supported by competent and substantial evidence upon the whole record") and the statutory standard ("sufficient competent evidence in the record") do not conflict. *Hampton,* 121 S.W.3d at 222. "A court must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, *i.e.,* whether the award is contrary to the overwhelming weight of the evidence." *Id.* at 222–23. "Whether the award is supported by competent and substantial evi-

dence is judged by examining the evidence in the context of the whole record." *Id.* at 223. "An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence." *Id.* This court determines "whether, considering the whole record, there is sufficient competent and substantial evidence to support the award." *Id.* "This standard would not be met in the rare case when the award is contrary to the overwhelming weight of the evidence." *Id.*

 A reviewing court is not required to view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the award. *Id.* "While deference is paid to the Commission's findings of fact, this court does not defer to the Commission's conclusions of law or application of law to the facts." *Lindsey v. Univ. of Mo.,* 254 S.W.3d 168, 170 (Mo. App.2008). "[I]n cases where the basic facts are not disputed, but the significance of such facts is subject to interpretation, the determination involves primarily the application of the law to the facts and deference is inappropriate." *Id.* at 171. "When ... the facts pertinent to the appeal are not in dispute, the issue is a question of law requiring *de novo* review." *Buescher v. Mo. Highway & Transp. Comm'n,* 254 S.W.3d 105, 107 (Mo.App. 2008). "Issues of law fall within the court's province of independent review and correction is appropriate where the decision is erroneous." *Mena v. Cosentino Group, Inc.,* 233 S.W.3d 800, 803 (Mo.App. 2007).

### Preservation of Claims

 GST states that Jones's arguments were not presented to the Commission and are not preserved for appeal. While our cases have said that "[g]enerally, issues not raised before the Commission may not be raised on appeal," *see, e.g., Lawson v. Ford Motor Co.,* 217 S.W.3d 345, 348 (Mo. App.2007), such language applies to those who were appellants before the Commission, not those who were respondents before the Commission. GST forgets that it was the party raising an affirmative defense and seeking to appeal the decision of the administrative law judge. Jones was not even required to file a brief before the Commission. We do not know whether Jones filed a brief or memorandum with the Commission; but, either way, he certainly has not waived any arguments. Jones is entitled to argue the proper interpretation and application of the statutes in question.

### Discussion[1]

 The issue for this court is whether Jones's claim for workers' compensation is barred because he failed to file a proof of claim with the bankruptcy court. This appeal does not involve a factual dispute; rather, it turns on the legal consequences of the facts as found by the Commission. The administrative law judge and the Commission made conflicting factual findings about whether Jones actually received the notice from the bankruptcy court, but there was no dispute as to whether the notice was sent. We agree with the Guaranty Corporation that, at least in this case, it does not matter whether the notice was actually received. Therefore, we may disregard the fact-finding discrepancy.

In appealing the decision of the administrative law judge, the Guaranty Corporation's argument was that Jones waived his benefits by not filing a proof of claim. It did not otherwise argue as to the merits or

1. The Guaranty Corporation's motion to strike portions of Jones's brief is denied. *See*

*Dudley v. S. Union Co.,* 261 S.W.3d 598, 601 (Mo.App.2008).

the calculation of the award. Thus, if we find that Jones did not waive his right to benefits when he failed to file a proof of claim, he is entitled to the benefits determined by the administrative law judge.

### The Guaranty Corporation

"Under Missouri's statutory scheme[2] creating and governing the activities of Guaranty Corporation, the Guaranty Corporation is a not-for-profit corporation, and its purpose is 'to compensate workers entitled to receive workers' compensation benefits from a Missouri self-insurer that is unable to meet its workers' compensation benefit obligations.'" *Tague v. Mo. Private Sector Individual Self–Insurers Guar. Corp.,* 186 S.W.3d 469, 471 (Mo.App. 2006); *see also* sections 287.860.1, 287.865.2. "The members of Guaranty Corporation are employers that are self-insured for purposes of workers' compensation." *Tague,* 186 S.W.3d at 471; *see also* section 287.860.1. "The general purpose of Guaranty Corporation is to 'take the necessary actions to protect against the insolvency of a member of the corporation.'" *Tague,* 186 S.W.3d at 471; *see also* section 287.870.2. "As part of its operation, Guaranty Corporation manages an 'Insolvency Fund.'" *Tague,* 186 S.W.3d at 471; *see also* section 287.867. "The purpose of Guaranty Corporation's insolvency fund is to meet 'the obligations of insolvent members incurred while members of the Guaranty Corporation and after the exhaustion of all assets.'" *Tague,* 186 S.W.3d at 471; *see also* section 287.867.

### Section 287.197.7

Jones worked at GST until it closed in May 2001. His date of injury for occupational disease is his last day working for GST—May 15, 2001. Section 287.197.7 at that time stated:

> No claim for compensation for occupational deafness may be filed until after six months'[3] separation from the type of noisy work for the last employer in whose employment the employee was at any time during such employment exposed to harmful noise, and the last day of such period of separation from the type of noisy work shall be the date of disability.

This section is intended to prevent employees claiming occupational hearing loss from making a claim too early because the perceived hearing disability might be healing or improving during a six month recovery period. This waiting period allows time to determine whether a hearing loss is temporary or permanent. Pursuant to section 287.197.7, no claim for compensation could be filed until November 15, 2001.

On June 8, 2001, less than one month after his separation from employment (and permanently from the noisy work), the bankruptcy court mailed a notice advising creditors of GST of the deadline to file a proof of claim by July 27, 2001, to preserve any claim against GST. The notice gave no indication that the claim period could be extended. It is unclear why the bankruptcy court sent such a notice to Jones because he had not filed a claim for workers' compensation or otherwise asserted a claim. There is no testimony in the record as to why a notice was sent to him, and no evidence as to whether all former employees received a notice, or only certain ones.

Pursuant to section 287.197.7, his workers' compensation claim for hearing loss

---

2. The statutory scheme creating and governing Guaranty Corporation is found at section 287.860 *et seq.* All citations to sections 287.860 *et seq.* are to RSMo 2000.

3. The statute was amended in 2005, changing the waiting period from six months to one month.

could not be "filed" until after November 15, 2001, which was three and one-half months after the close of the bankruptcy claim period.

### Section 287.865.5

The Commission found that Jones waived his claim by failing to file a proof of claim with the bankruptcy court, relying upon section 287.865.5. Section 287.865.5, which provides for the liability of the guaranty fund for workers' injuries, also was designed to encourage the filing of workers' compensation claims in the bankruptcy estates of uninsured employees rather than against the funds of the Guaranty Corporation. The statute states, in pertinent part:

> Upon creation of the insolvency fund pursuant to the provisions of section 287.867, the corporation is obligated for payment of compensation under this chapter to insolvent members' employees resulting from incidents and injuries to the extent of covered claims existing prior to the issuance of an order of liquidation against the member employer with a finding of insolvency which has been entered by a court of competent jurisdiction in the member employer's state of domicile or of this state under the provisions of sections 375.950 to 375.990, RSMo, in which the order of liquidation has not been stayed or been the subject of a writ of supersedeas or other comparable order; or prior to the date of determination by the board of directors that the member employer has fully expended all surety bonds, insurance or reinsurance, and all other available assets and is not able to pay compensation benefits at that time. All incidents giving rise to claims for compensation under this chapter must occur during the year in which such insolvent member is a member of the guaranty fund and was assessable pursuant to

> the plan of operation, except as provided for certain claims existing prior to August 28, 1992, pursuant to the provisions of subsection 7 of this section, *and the employee must make timely claim for such payments according to procedures set forth by a court of competent jurisdiction over the delinquency or bankruptcy proceedings of the insolvent member.* Any proceeds derived by such claim of the employee in bankruptcy shall be an offset of any amounts due and owing to the employee under the workers' compensation law. Any such obligation of the corporation includes only the amount due the injured worker or workers of the insolvent member under this chapter. In no event is the corporation obligated to a claimant in an amount in excess of the obligation of the insolvent member employer. The corporation shall be deemed the insolvent employer for purposes of this chapter to the extent of its obligation on the covered claims and, to such extent, shall have all the rights, duties, and obligations of the insolvent employer as if the employer had not become insolvent. However, in no event shall the corporation be liable for any penalties or interest.

Section 287.865.5 (emphasis added). The above emphasized portion of section 287.865.5 indicates that in order for the Guaranty Corporation to be liable to pay compensation benefits, the employee should file a timely claim in the bankruptcy court. In view of the sentence immediately following the above-emphasized language, it appears that the purpose of requiring the filing of a claim in the bankruptcy court is to allow the claim to be paid, to the extent possible, from the bankruptcy estate. Such payment would then reduce the burden on the assets of the insolvency fund. Accordingly, we

must construe section 287.865.5 in accordance with the legislative purpose of protecting the Guaranty Corporation from claims for which compensation could have been paid, at least in part, out of the bankruptcy estate.

When two or more statutes address the same subject matter, we seek to interpret the statutes in a way that harmonizes the two, if possible. *See In re Estate of Bruce,* 260 S.W.3d 398, 406 (Mo. App.2008). The general subject matter here is the filing of claims in the bankruptcy estate of an insolvent company that is self-insured for workers' compensation purposes. Section 287.865.5 provides that claims shall be "timely" filed in the bankruptcy estate. Section 287.197.7 deals specifically with claims of hearing loss. It provides that "no claim . . . may be filed" until the passage of a specific period of time after separation from employment. When there is an arguable or apparent conflict between two statutes, the statute dealing more specifically with the matter in question is the controlling statute. *See Bruce,* 260 S.W.3d at 406. Here, section 287.197.7 (dealing specifically with hearing loss claims) must take precedence over section 287.865.5. *See id.*

As set forth in section 287.800, the laws governing the Guaranty Corporation also are "to be liberally construed with a view to the public welfare and in furtherance of the public policy that an employee is entitled to have compensation for any injury that is clearly job-related and arises out of and in the course of his employment." *In re Wire Rope Corp. of Am., Inc.,* 300 B.R. 1, 9 (Bankr.W.D.Mo.2003). Procedural technicalities are not to be employed in an imperious manner to frustrate and defeat substantively meritorious claims. *See Wiele v. Nat'l Super Mkts., Inc.,* 948 S.W.2d 142, 146 (Mo.App.1997), *overruled in part on other grounds by Hampton,* 121 S.W.3d at 223, 226.

Here, we fail to see that Jones defaulted in any way. He is correct that he was precluded from filing a claim because section 287.197.7 clearly states that *"no claim for compensation may be filed* until after six months' separation." (Emphasis added.) The Guaranty Corporation, however, seems to be arguing essentially that Jones, out of a super abundance of caution, should have notified the bankruptcy court that he *anticipated* being able to file a claim several months later, after the claim period expired. The Guaranty Corporation believes that *perhaps* he would have been allowed to later file a claim, and *perhaps* he would have been paid in part or in full out of the bankruptcy estate. Perhaps that is so; our record does not show that one way or another.

The Guaranty Corporation forgets that *it* knew of the bankruptcy and knew that GST was self-insured. *It* could easily have notified all of the employees of GST that any worker's compensation claims should be filed in the bankruptcy court as soon as practicable or as permitted by law. Such notice would obviously have been preferable to the bare notice of the bankruptcy court (which said nothing about workers' compensation claims and made no reference to the fact that GST was self-insured for workers' compensation purposes, which not all workers would necessarily know). Also, the bankruptcy court notice sent to all creditors advised that the claims period expired on July 27, 2001, without any reference to the possibility of filing a claim later. The Guaranty Corporation also forgets that, upon receiving notice of Jones's claim in 2003, *it* could have filed a proof of claim in the bankruptcy court in his behalf.

The case of *In re Wire Rope Corp. of America, Inc.,* 300 B.R. 1, 8 (Bankr. W.D.Mo.2003), is consistent with the prin-

ciple that the courts are to construe the notice requirements in the light of common sense and reasonableness, and that the Guaranty Corporation should not be allowed to forget its purpose, which is to aid the workers of insolvent self-insured companies. In *Wire Rope*, the employees did not receive notice of the bar date for the filing of claims with the bankruptcy court. The court mentioned that *even if they had* received the notice, they would have been justified in believing they did not need to file a claim in bankruptcy court, because workers' compensation claims were handled the same after bankruptcy as they had been before. "Having already filed their injury claims, the claimants would have had no reason to think that they were required to file what would amount to an entirely new proof of claim as a condition of continuing to receive medical care and treatment and monetary benefits after confirmation of a plan of reorganization or liquidation that was many months down the road." *Id.* The court also noted that "the Guaranty Corporation never filed a proof of claim in the Debtor's bankruptcy on behalf of the injured workers it was designed to protect." *Id.* at 9. Because the Guaranty Corporation had notice of the employer's bankruptcy, it could have protected injured workers by filing a proof of claim on their behalf. *Id.* Instead, it "apparently decided to gamble under the belief that it could realize more cost-savings by springing a trap on the unwary, often unsophisticated worker who unwittingly failed to file a proof of claim after being lured into the belief that his or her compensation benefits would remain unaffected by their former employer's bankruptcy." *Id.*

The court further stated: "The Guaranty Corporation's position in this case is opposed to Missouri state policy, as expressed by the General Assembly, which is aimed at assuring Missouri workers that they will be protected and covered for the injuries they suffer on the job, even if their employer becomes insolvent." *Id.* The court took a dim view of the Guaranty Corporation's position in that case:

> It spits in the face of the longstanding public policy of the State of Missouri to protect workers who suffer job-related injuries and then suffer the anguish and uncertainty that surely accompany the insolvency of their employer. It ignores the claims-handling procedures that were established by this Court in the earliest days of this Chapter 11 bankruptcy proceeding. It creates unnecessary and unjustified anxiety among those injured workers who are in need of continuing medical treatment. To accept and approve the position taken by the Guaranty Corporation would be contrary to the spirit of state and federal law, and would be grossly unfair and inequitable.

*Id.* at 10.

This case differs from *Wire Rope* in that there the employees were never sent the bankruptcy court notice, whereas here the notice *was* apparently sent, the cases are similar in that in both cases the worker understandably would lack information and clarification as to how to proceed. The case is also similar to *Wire Rope* in that here the Guaranty Corporation could have filed, on behalf of Jones, a claim in the bankruptcy estate to whatever extent Jones could have filed it himself. The Guaranty Corporation did not do so. We are, thus, somewhat uncomfortable with the Guaranty Corporation's assumption that every worker is entirely sophisticated in these matters and needs no assistance.

Section 287.872 expresses a legislative agenda that workers be fully and properly informed of their rights, so as not to be caught in a trap. Among other things, it

provides that the Workers' Compensation Division may:

> Require that the [Guaranty Corporation] notify the member employers and *any other interested parties of the determination of insolvency and of their rights* under sections 287.860 to 287.885. Such notification shall be by mail to the last known address thereof when available; but, if sufficient information for notification by mail is not available, notice by publication in a newspaper of general circulation in accordance with the applicable law pertaining to same shall be sufficient[.]

Section 287.872.2(1) (emphasis added). These statutes should place on the Workers' Compensation Division and the Guaranty Corporation a sense of responsibility to help workers be informed of their rights and responsibilities. Even if the Division does not choose to *require* the Guaranty Corporation to notify workers, we fail to see that the Guaranty Corporation cannot do so on its own initiative.

In order to prevent the Guaranty Corporation from taking the *very* legal position it is taking in this case, in 2005, the legislature amended section 287.865.5 to provide in specific terms that any duty to file a proof of claim in the bankruptcy court applies only to workers who have an "open claim" (a pending claim) or have already filed a report of injury. The legislature further, to prevent injustice, now requires the *Workers' Compensation Division* to notify all such employees in writing, so that any worker receiving the bankruptcy court notice understands that the notice from the bankruptcy court *actually applies to workers' compensation claims*, and not merely to such matters as salary and benefit claims.

The statutory changes are immaterial in this case, other than to shed light on the fact that the legislature never sought to leave claimants with proper claims without a remedy due to lack of information. The statutory change merely reinforces the notion that the General Assembly did not envision the Guaranty Corporation failing to lift a hand to assist workers, and then turning against workers possessing meritorious claims so as to deny their claims solely because they lacked information. Here, in any event, Jones's claim is saved by the fact that even if we assume that he received the notice of the bankruptcy court, he still certainly would have lacked *adequate* notice that he was supposed to file an unmatured, potential claim in the bankruptcy court in spite of the prohibition of 287.197.7. Section 287.865.5 was never intended by the General Assembly to be so construed as to bar a claim under these circumstances.

### Conclusion

Jones's claim is not barred by section 287.865.5. We reverse the decision of the Commission and remand the case with instructions to reinstate the award of the administrative law judge.

All concur.