**Michael SKINNER, Claimant–Respondent,**

v.

**Donnie MORGAN, d/b/a D & M Development, L.L.C., Employer,**

and

**Treasurer of Missouri, as Custodian of Second Injury Fund, Additional Party–Appellant.**

No. SD 30019.

Missouri Court of Appeals, Southern District, Division Two.

March 8, 2010.

■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

———

Chris Koster, Attorney General, Jefferson City, Missouri, and Christina Hammers, Assistant Attorney General, Springfield, MO, for Appellant.

Patrick J. Platter and Jeffrey C. Goodnight, Neale & Newman, L.L.P., Springfield, MO, for Respondent.

GARY W. LYNCH, Presiding Judge.

The Second Injury Fund ("SIF") appeals from the award of the Labor and Industrial Relations Commission ("Commission"), ordering the SIF to pay Michael Skinner ("Claimant") $254,708.20 for his past medical benefits. SIF brings one point on appeal, asserting that the Commission erred in ordering it to pay this amount to Claimant instead of directly to Claimant's medical providers. Finding no error, we affirm.

### Factual and Procedural Background

Claimant was employed with Donnie Morgan ("Employer"), a general contractor, who was doing business in Cassville, Missouri, as D & M Development, L.L.C. On September 29, 2007, Claimant was standing on a scaffold and was using an air gun to drive nails into a truss, when the truss collapsed and Claimant fell twelve feet, hitting his head on a concrete slab. An ambulance transported Claimant to the Cassville airport, from where he was flown to Cox Medical Center in Springfield.

Claimant suffered serious skull and lung injuries, but made gradual progress and was discharged from the hospital on October 29, 2007, and sent to an in-patient rehabilitation program at Cox Walnut Lawn. Claimant stayed at Cox Walnut Lawn from October 29, 2007, through November 12, 2007, where he made steady improvement with his independent skills and daily living activities.

Claimant filed a claim for workers' compensation benefits against Employer and, alleging that Employer was uninsured, against the SIF, seeking payment of his medical expenses. The SIF answered the claim generally denying Claimant's allegations due to lack of sufficient knowledge or information.

On January 29, 2009, a hearing was held before an administrative law judge ("ALJ"). Employer did not appear and was not represented at the hearing. The SIF was represented by counsel during the hearing. Claimant and the SIF agreed that two of the eight issues in dispute and to be determined were whether Claimant was entitled to past medical benefits of $254,708.20, and the liability of the SIF for any unpaid medical benefits pursuant to section 287.220.5.[1]

The only evidence related to the amount or value of Claimant's medical expenses was Claimant's Exhibit E, which consisted of 101 pages of itemized bills for medical treatment from the date of the accident, September 29, 2007, through November 12, 2007, and one page that was a summary by provider of the charges from those itemized bills showing the total amount of $254,708.20. Exhibit E was offered into evidence by Claimant and was admitted without objection. Claimant testified that none of these medical bills had been paid.

1. All statutory references are to RSMo 2000, unless otherwise indicated.

During the hearing, the SIF cross-examined no witnesses, made no objections, and offered no evidence.

After the hearing, the ALJ's decision and award found that Employer was uninsured and ordered the SIF to "pay to [Claimant] $254,708.20, in past medical benefits pursuant to Section 287.220, RSMo."

SIF appealed the ALJ's award to the Commission, which, in its final award allowing compensation, unanimously affirmed the ALJ's award. The Commission attached and incorporated the ALJ's decision and award in its final award. This timely appeal by the SIF followed.

### Standard of Review

On appeal, we will affirm the Commission's decision unless "(1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award." *Jones v. Washington University,* 199 S.W.3d 793, 795 (Mo.App.2006) (citing section 287.495). "When ... the facts pertinent to the appeal are not in dispute, the issue is a question of law requiring *de novo* review." *Jones v. GST Steel Co.,* 272 S.W.3d 511, 515 (Mo.App.2009).

### Discussion

In its sole point, the SIF asserts that the Commission erred in ordering it to pay the cost of Claimant's past medical treatment to Claimant instead of directly to his medical providers because it "does not allow the Fund to insure that the $254,708.20 being withdrawn from the Fund will be 'withdrawn to cover the fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability of an injured employee,' which is all that is allowed per § 287.220.5." As best as we can determine, the SIF contends that section 287.220.5 requires the Commission to order the payment of medical expenses directly to the provider instead of to Claimant.[2]

The claim and award against the SIF arose pursuant to section 287.220.5, which reads, in pertinent part, as follows: "If an employer fails to insure or self-insure as required in section 287.280, funds from the second injury fund may be withdrawn to cover the **fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability of an injured employee in the employ of an uninsured employer[.]**" (Emphasis added).

The SIF does not dispute that an award for payment of Claimant's medical expenses was in order, that Claimant was injured while working for an uninsured employer, or that the Commission had authority to determine the extent of its liability under section 287.220.5. The SIF does not claim that the amount awarded does not constitute "fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability of an injured employee," as provided by section

---

2. While the SIF in its point relied on mentions section 287.280 in conjunction with section 287.220.5 as imposing the alleged legal requirement, it does not develop the applicability of section 287.280 to its contention or otherwise even mention section 287.280 in the argument portion of its brief. Thus, any contention regarding the applicability of section 287.280 to the resolution of the SIF's point is deemed abandoned. "Arguments raised in the points relied on which are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review." *State ex rel. Greene County v. Barnett,* 231 S.W.3d 854, 857–58 (Mo.App.2007) (quoting *Luft v. Schoenhoff,* 935 S.W.2d 685, 687 (Mo.App. 1996)).

287.220.5. Rather, the SIF challenges only the Commission's award to the extent that it orders the SIF to pay Claimant directly the amount of his past due medical bills instead of ordering it to pay the cost of Claimant's medical bills to his health care providers, who are owed the money.

The SIF suggests that if it pays the award to Claimant as ordered by the Commission, Claimant may thereafter compromise and settle his medical bills with the providers for an amount less than the outstanding balance due as proven at the hearing. If that occurs, it further speculates, Claimant would be left with the difference to use and spend in a manner other than for the payment of the fair, reasonable, and necessary medical expenses as required by the statute. Therefore, the SIF reasons, the only way to insure that this potential unauthorized use of its funds cannot occur is to legally require the Commission to order it to pay Claimant's medical providers directly, rather than pay Claimant as ordered.

This identical issue was presented to this Court by the SIF and decided adversely to it in *Wilmeth v. TMI, Inc.*, 26 S.W.3d 476 (Mo.App.2000), *overruled on other grounds by Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 225 (Mo. banc 2003). In *Wilmeth*, we found that where the SIF had initially denied liability and not paid the medical expenses, an award of such expenses directly to the employee was authorized under section 287.220.5. *Id.* at 484–85. Yet, the SIF, while acknowledging our holding in *Wilmeth*, does not directly challenge it or otherwise argue that it was wrongly decided. Rather, the SIF asserts: "Two subsequent appellate cases, one from the Eastern District and one from the Western District, did not follow *Wilmeth*'s reason-

ing, and while not directly on point, demonstrate the evolution in the courts' reasoning on how monies can be withdrawn from the Fund and for what purposes."

The SIF relies on *Mann v. Varney Constr.*, 23 S.W.3d 231 (Mo.App.2000) and *Phillips v. Par Elec. Contractors*, 92 S.W.3d 278 (Mo.App.2002), *overruled on other grounds by Hampton*, 121 S.W.3d at 224.[3] As noted by the SIF, however, neither *Mann* nor *Phillips* addressed the issue of whether payment of past medical expenses should be paid to the employee or directly to an employee's medical providers, as addressed and decided in *Wilmeth*. Rather, both cases considered another issue also considered in *Wilmeth*— whether the SIF is entitled to credit for the amount paid on employee's medical expenses by a third party. *Phillips*, 92 S.W.3d at 285–89; *Mann*, 23 S.W.3d at 233–34; *Wilmeth*, 26 S.W.3d at 482–83. Because the resolution of this credit issue is not involved in the instant case, neither *Mann* nor *Phillips* is instructive on the payment issue raised here and decided in *Wilmeth*. In this case, the SIF denied liability, the medical bills have not been paid, and there was no evidence presented at the hearing that a third party would pay them or was obligated to pay them.

 Indeed, the evidence before the Commission was that Claimant was the only person or entity obligated to pay the outstanding medical bills. Moreover, if the SIF had any evidence that the full amount of the medical bills would not be paid by Claimant, unlike the mere speculation proffered in this appeal, it had the opportunity to present that evidence at the hearing on the issue of determining whether the amounts billed were "fair, reasonable, and necessary expenses to cure and

---

**3.** While not necessarily fatal to the SIF's argument, we note that *Mann* was decided al-

most three months before *Wilmeth,* rather than after it, as alleged by the SIF.

relieve the effects of the injury or disability" of Claimant as required by section 287.220.5. In the absence of such evidence, the SIF cannot now seek authority to unilaterally revisit that determination by conjuring a speculative scenario whereby Claimant might not actually pay the full amount of the medical expenses that the Commission determined after a hearing were in accordance with section 287.220.5 as being "fair, reasonable, and necessary expenses[.]"

After considering the SIF's point relied on and argument and the absence of any direct challenge to the basis or rationale of our decision on the payment issue in *Wilmeth*, it is clear that the SIF is not asking us to revisit *Wilmeth* because it was wrongly decided. Rather, it is asking this Court, based upon policy considerations, to ignore *Wilmeth* and to read into section 287.220.5 a requirement that is not there. We are required, however, to strictly construe the provisions of Chapter 287. Section 287.800, RSMo Cum.Supp.2005. "[A] strict construction of a statute presumes nothing that is not expressed." *Allcorn v. Tap Enterprises, Inc.*, 277 S.W.3d 823, 828 (Mo.App.2009) (quoting 3 SUTHERLAND STATUTORY CONSTRUCTION § 58:2 (6th ed.2008)). The power to make and amend statutes is within the legislature's authority—not the court's.[4] *Miles v. Lear Corp.*, 259 S.W.3d 64, 69 n. 3 (Mo.App.2008). The

SIF's point is denied. *See Wilmeth,* 26 S.W.3d at 484–85.

### Decision

The judgment of the Commission is affirmed.[5]

SCOTT, C.J., and RAHMEYER, J., concur.

4. Through section 287.140.13(6), the legislature provided a mechanism for health care providers to require direct payment under certain circumstances. It provides:
(6) A hospital, physician or other health care provider whose services have been authorized in advance by the employer or insurer may give notice to the division of any claim for fees or other charges for services provided for a work-related injury that is covered by this chapter, with copies of the notice to the employee, employer and the employer's insurer. Where such notice

has been filed, the administrative law judge may order direct payment from the proceeds of any settlement or award to the hospital, physician or other health care provider for such fees as are determined by the division. The notice shall be on a form prescribed by the division.
Section 287.140.13(6). The legislature could have provided similarly for the SIF, but chose not to do so.

5. Claimant's Motion to Dismiss Appeal is overruled.