**TREASURER OF the STATE OF MIS-SOURI—CUSTODIAN OF the SEC-OND INJURY FUND, Appellant,**

v.

**Donald HUDGINS, Respondent.**

**No. WD 71423.**

Missouri Court of Appeals,
Western District.

May 4, 2010.

Maureen T. Shine, Kansas City, MO, for Appellant.

David A. Slocum, Kansas City, MO, for Respondent.

Before THOMAS H. NEWTON, C.J., JAMES E. WELSH, and GARY D. WITT, JJ.

JAMES EDWARD WELSH, Presiding Judge.

The Missouri State Treasurer as Custodian of the Second Injury Fund appeals the Labor and Industrial Relation Commission's decision that the Second Injury Fund is liable for $29,076.47 in medical expenses that Dennis Hudgins incurred as a result of a work injury. The Commission concluded that the Second Injury Fund was liable for the medical expenses pursuant to section 287.220.5, RSMo 2000, because Hudgins's employer, Sentinel Fastener Supply Company, did not carry workers' compensation insurance even though it was required by law to do so. See § 287.280, RSMo 2000. The Second Injury Fund contends that requiring it to pay $29,076.47 in medical expenses exceeds the amount that is fair, reasonable, and necessary to make Hudgins whole as provided by section 287.220.5 because only $5,093 remains to be paid on the medical expenses.[1] According to the Second Injury Fund, the remaining amount of Hudgins's past medical expenses has been paid by his personal insurance companies or has been written off or adjusted by the health care providers.

■ The problem with the Second Injury Fund's argument is that the Second Injury Fund provides no citations to the record that establish that only $5,093 remains outstanding to be paid, that Hudgins's personal insurance companies have paid the expenses, or that health care providers have written off or adjusted the amount of medical expenses. " 'It is not the function of the appellate court to serve as advocate for any party to an appeal.' " *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo. App.1999) (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). "As such, [the appellate court has] no duty to search the transcript or record to discover the facts which substantiate a point on appeal." *Wilson v. Carnahan*, 25 S.W.3d 664, 667 (Mo.App.2000).

■ But, even if we were to search the record, we would find no facts to substantiate the Second Injury Fund's claim. That is because the Second Injury Fund admits that no evidence existed in the record supporting its contention that only $5,093 remained outstanding to be paid, that Hudgins's personal insurance companies have paid the expenses, or that health care providers have written off or adjusted the amount of medical expenses. Indeed, in its brief, the Second Injury Fund states that it was not until after the hearing before the Division of Workers' Compensation's administrative law judge that it discovered that the majority of the $29,076.47 in bills submitted for payment had been paid by Hudgins's health insurance carrier

---

1. The Second Injury Fund also asserts in its first point on the appeal that the Commission erred in making its award payable to Hudgins instead of to the medical providers. In its argument, however, the Second Injury Fund fails to cite any authority in support of its contention. We deem abandoned any issues in which an appellant neither cites relevant authority nor explains why such authority is not available. *Kimble v. Muth*, 221 S.W.3d 419, 423 (Mo.App.2006). We note, however, that this court's Southern District recently held that section 287.220.5 does not require the Commission to order the payment of medical expenses directly to the medical provider instead of to the claimant. *Skinner v. Morgan*, 306 S.W.3d 149 (Mo.App.2010); *see also Wilmeth v. TMI, Inc.*, 26 S.W.3d 476 (Mo.App. 2000), *overruled on other grounds by Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 225 (Mo. banc 2003).

or had been completely written off by the providers.[2] The Second Injury Fund noted further in its brief that as of its "writing" of the brief, "out of the bills totaling $29,076.47 submitted at the hearing for payment, only $5,093.00 remains outstanding to the providers." Such a statement is not evidence. In conducting our review, we consider the whole record to determine whether there is sufficient competent and substantial evidence to support the award or if the award is contrary to the overwhelming weight of the evidence. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). We do not consider matters outside the record in making our determination. *Mell v. Biebel Bros., Inc.*, 247 S.W.3d 26, 32 (Mo.App. 2008). The Second Injury Fund had the opportunity to present evidence at the hearing in regard to whether the amounts billed were "fair, reasonable, and necessary expenses . . . to cure and relieve the effects" of Hudgins's injury as required by section 287.220.5. In the absence of such evidence, the Second Injury Fund cannot "unilaterally revisit that determination" by now speculating that only $5,093 remains outstanding to be paid to the medical providers. *Skinner*, 306 S.W.3d at 153.

■ Moreover, Hudgins presented sufficient competent and substantial evidence to support the Commission's award of medical expenses in the amount of $29,076.47. As the claimant, Hudgins bore the burden of proving his entitlement to past medical expenses. *Farmer–Cummings v. Pers. Pool of Platte County*, 110 S.W.3d 818, 822 (Mo. banc 2003); *Ellis v. Mo. State Treas. as Custodian of the Second Injury Fund*, 302 S.W.3d 217, 225 (Mo.App.2009). Where a claimant produces documentation detailing his past medical expenses and testifies to the relationship of such expenses to the compensable workplace injury, such evidence provides a sufficient factual basis for the Commission to award compensation. *Farmer–Cummings*, 110 S.W.3d at 822; *Ellis*, 302 S.W.3d at 225.

At the hearing, Hudgins offered into evidence a summary of his medical bills and the copies of all the various medical bills relating to his work injury, and he testified that the charges were for treatment of his work injury. According to the summary of medical bills, the total amount due did not include amounts that had been paid by insurance, amounts that had been reduced by medical providers, or amounts that Hudgins had paid out of pocket.[3] After the hearing, the administrative law judge issued a final award allowing compensation and found that the Second Injury Fund was liable for the $29,076.47 in medical expenses that Hudgins incurred as a result of his work injury. In affirming the ALJ's award, the Commission attached

**2.** Regulation 8 CSR 20–3.030(2)(A) allows an interested party to file a motion to submit additional evidence to the Commission "upon the ground of newly discovered evidence which with reasonable diligence could not have been produced at the hearing before the administrative law judge." However, the Regulation notes: "As a matter of policy, the commission is opposed to the submission of additional evidence except where it furthers the interests of justice." 8 CSR 20–3.030(2)(B). The Second Injury Fund did not file a motion to submit additional evidence to the Commission. Moreover, the Second Injury Fund does not even contend on appeal that this evidence was newly discovered evidence which with reasonable diligence could not have been produced at the hearing.

**3.** To the extent that the $29,076.47 did not include the amounts that Hudgins paid out of pocket, we question why Hudgins would not be entitled to these amounts. Hudgins's summary of the medical bills, however, voluntarily excluded these amounts from the total amount due.

and incorporated the ALJ's award and decision to its final award.

Section 287.220.5 says:

> If an employer fails to insure or self-insure as required in section 287.280, funds from the second injury fund may be withdrawn to cover the fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability of an injured employee in the employ of an uninsured employer, or in the case of death of an employee in the employ of an uninsured employer, funds from the second injury fund may be withdrawn to cover fair, reasonable, and necessary expenses in the manner required in sections 287.240 and 287.241. In defense of claims arising under this subsection, the treasurer of the state of Missouri, as custodian of the second injury fund, shall have the same defenses to such claims as would the uninsured employer.

Although on appeal the Second Injury Fund claims that the amount the Commission ordered it to pay was not fair, reasonable, and necessary, the Second Injury Fund did nothing to challenge the reasonableness or fairness of the medical bills admitted into evidence at the hearing. Once a claimant testifies that to the best of his knowledge he remains liable on all of his medical bills, the Second Injury Fund then has the burden of proving that the claimant has no liability to pay the medical bills, that the claimant has no reimbursement obligations, or that the claimant's liability has been extinguished. *Ellis*, 302 S.W.3d at 225. As the *Ellis* court stated:

> [I]t was Claimant's burden to detail [his] past medical expenses and testify "to the relationship of such expenses to [his] compensable workplace injury." Once that was accomplished, if the [Second Injury Fund] wished to challenge the amount being sought by Claimant, it had the burden to establish by a preponderance of the evidence that [he] "was not required to pay the billed amounts."

*Id.* (citations omitted).

In response to Hudgins's evidence, the Second Injury Fund did not object to the evidence or even cross-examine Hudgins about the medical bills once he introduced them. Moreover, the Second Injury Fund did not present any evidence at the hearing. The Second Injury Fund could have challenged Hudgins's testimony and evidence, but it did not do so. *Id.* at 224–25. Having failed to challenge the evidence at the hearing, the Second Injury Fund has no basis to challenge the award of medical expenses on appeal.

In the absence of any evidence to contradict Hudgins's evidence, we cannot say that the Commission's award of medical expenses in the amount of $29,076.47 was unsupported by competent and substantial evidence or was against the overwhelming weight of the evidence.[4] We affirm.

All concur.

---

4. Hudgins's motion to strike the Second Injury Fund's appeal and brief for failure to comply with Rule 84.04, which was taken with the case, is denied as moot.